## MOORE ET AL. V. JEFFERS.

1. **Judgment:** FEDERAL COURTS: SALE OF LAND WITHOUT REDEMPTION. An action cannot be maintained in the state courts to set aside a sale of lands made in pursuance of a decree of a federal court having jurisdiction, though the decree authorizes a sale without providing for redemption in accordance with the statutes of the state; such decree is erroneous, merely, and not void, and can only be attacked by direct proceedings in the same case.

*Appeal from Black Hawk District Court.*

FRIDAY, MARCH 19.

THIS is an action for the possession of a certain described tract of land, and for the recovery of damages in the sum of $500 for the use and possession thereof. The action was commenced on the 20th day of August, 1878. The defendant answered, in substance alleging that on the 10th day of April, 1872, the plaintiffs executed to one John L. Farwell a mortgage on said premises to secure the payment of the sum of $700, on the 1st of January, 1877, with interest; that default having been made in the payment of said sum, action was commenced in the Circuit Court of the United States for the District of Iowa, for the recovery of the amount due, and the foreclosure of the mortgage, and on the 26th day of May, 1877, it was adjudged and decreed that the respondents in that action pay the complainant $841, with interest, and, in default of payment, that the land be sold, and E. R. Mason, one of the masters of the court, was appointed to execute the decree, and directed, on making sale of the premises, to execute a deed to the purchaser; that said

master sold said premises to John L. Farwell, and executed a deed therefor to him, which sale and deed the court, on the 4th day of December, 1877, ratified, approved and confirmed; that the respondents having refused to surrender possession, a writ of assistance of the United States of America was directed to the marshal, commanding him to put the said Farwell in possession of the premises; that the marshal executed said writ, and placed Farwell in possession of the premises, and that Farwell conveyed the premises to defendant. The defendant claims that by these proceedings the plaintiffs are estopped from setting up any claim to the premises. The prayer of the petition in the foreclosure proceeding is attached as an exhibit to the answer, and is as follows: " That defendants    *    *    *    *    be decreed to pay to the said complainants said principal sum of money, and all arrears of interest, according to the tenor of said note, together with ten per cent interest upon the said principal and unpaid interest, with your orator's costs and charges in this behalf expended, and the sum of $40 as attorney's fees herein, by a day to be appointed by the court; and, in default thereof, that said defendants and all persons claiming under them, or either of them, be foreclosed of, and from, all equity of redemption, and all claim of, in, or to, said mortgaged premises, and every part thereof; that said mortgaged premises, with the appurtenances, may be sold under the decree of this court, and that out of the money arising from the sale thereof complainant may be paid the principal sum due on said note and mortgage, and all interest money due, and to become due, thereon, together with the costs and charges, and the sum of $40 for solicitor's fees, and that your orator shall have such other and further relief as shall be agreeable to equity and good conscience."

The decree, a copy of which is attached to the defendant's answer as an exhibit, orders that respondents pay to complainant, on or before October 1, 1877, said sum reported to be due, and in default of such payment that the premises be

sold at public sale at the door of the United States court house, at the city of Des Moines, in the State of Iowa, upon due notice, as required by the laws of the State of Iowa in respect to sales on execution. The decree then proceeds as follows: "It is further ordered, adjudged, and decreed, that E. R. Mason, Esq., one of the masters of the court, be, and he is, hereby appointed to execute this decree; and the said master, on making sale of the said premises, as hereby ordered and decreed, do make and execute unto the purchaser or purchasers of the said lands a deed conveying all the right, title, interest, estate, and property of said respondents, and each of them, in and to the said lands, and every part or parcel thereof, as well as the interest of all persons claiming by, through, or under them, or any of them, since the date of the mortgage. It is further ordered, adjudged, and decreed, that at and upon the sale of said lands, as herein ordered, the said respondents, and each of them, be forever debarred and foreclosed from setting up any right, title, or interest, at law or in equity in or to the said above described lands, or any part thereof, and that upon the delivery of the deed to be executed to the purchaser or purchasers, as aforesaid, pursuant to this decree, they, and each of them or any of them, and all persons claiming under them, or any of them, since the filing of said bill of complaint herein, do immediately surrender and deliver up to the purchaser or purchasers aforesaid the possession of the said lands, and every part thereof. It is further ordered that the said master do make due return of all his proceedings under this decree to this court for its action thereon, before delivering the deed for the said lands to such purchaser or purchasers, and that this cause do stand continued until the execution of this decree."

The plaintiffs demurred to this answer. The demurrer was overruled. The plaintiffs elected to stand upon their demurrer, and judgment was rendered against the plaintiff for the costs. The plaintiff appeals.

*Alford & Elwell*, for the appellants.

*Brown & Campbell*, for the appellee.

DAY, J. The Revised Statutes of the United States provide as follows:

"Section 913. The forms of *mesne* process, and the forms and mode of proceeding in suits of equity and of admiralty and maritime jurisdiction in the Circuit and District Courts, shall be according to the principles, rules, and usages, which belong to courts of equity and of admiralty respectively, except when it is otherwise provided by statute or rules of court made in pursuance thereof, but the same shall be subject to alteration and addition by said courts respectively, and to regulation by the Supreme Court, by rules prescribed, from time to time, to any Circuit or District Court, not inconsistent with the laws of the United States.

*1. JUDGMENT: federal courts: sale of lands without redemption.*

"Section 914. The practice, pleadings, forms, and modes of proceeding in civil causes, other than equity and admiralty causes in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding, existing at the time in like causes in the courts of record of the State, within which such Circuit or District Courts are held, any rule of the court to the contrary notwithstanding.

"Section 917. The Supreme Court shall have power to prescribe, from time to time, and in any matter, not inconsistent with any law of the United States, the forms of writs and other process, the modes of framing and filing proceedings and pleadings, of taking and obtaining evidence, of obtaining discovery, of proceeding to obtain relief, of drawing up, entering, and enrolling decrees, and of proceeding before trustees appointed by the court, and generally to regulate the whole practice to be used in suits in equity or admiralty, by the Circuit and District Courts."

It is apparent from these provisions that the practice, forms and modes of procedure applicable to civil causes at law differ essentially from the practice, forms and modes of procedure applicable to equity and admiralty causes.

In the former class of cases the federal courts are required to conform as near as may be to the practice, forms and modes of procedure existing at the time in like causes in the state, in which the federal court is held. In the latter class of causes the federal courts are required to follow the forms and modes of procedure applicable to courts of equity and of admiralty, and they have power from time to time to prescribe rules not inconsistent with any law of the United States. Prior to the decision in *Brine v. The Hartford Fire Insurance Co.*, 6 Otto, 96 U. S., 627, it was generally if not uniformly held by the federal *nisi prius* courts that all the proceedings subsequent to the decree were governed by the provisions of sections 913 and 917 of the revised statutes, and that the several laws of the states respecting redemption were not applicable to a sale made under a decree obtained in the federal court. The bill of complaint in the case of *J. S. Farwell v. Salmon J.* and *Amy M. Moore* was drawn with reference to this construction of the law by the federal courts, and for the purpose of obtaining a sale under foreclosure, which should not be subject to redemption. The prayer of the bill is that defendants be decreed to pay to said complainant said sum of money and all arrears of interest according to the tenor of said note by a day to be appointed, and in default thereof that said defendants be foreclosed from all equity of redemption and claim to said mortgaged premises and every part thereof. It is plain that the judicial power of the court was there invoked, and it was asked to determine judicially that it was proper under the law to fix a day when the defendants should pay the sum found due the plaintiff, and in default of payment to bar them of all equity of redemption in, and claim to, said premises.

Pursuant to this prayer in the bill it was ordered that the

respondents pay to the complainant, on or before October 1, 1877, the sum reported to be due by the master, and that in default of such payment the premises be sold at public auction upon due notice as required by the laws of the State of Iowa in respect to sales on execution, and that at and upon the sale of said lands the respondents be forever debarred and foreclosed from setting up any right, title or interest at law or in equity in or to the said lands. The court did thus adjudicate that upon the sale of the lands by the master the equity of redemption of the defendants should be cut off. The effect of this adjudication was the determination that all matters connected with the sale partook of the character of procedure simply and pertained to the remedy and were governed by the United States statutes, and could not be affected by the laws of Iowa respecting redemption. In *Brine v. The Hartford Fire Insurance Co.*, *supra*, it was held that the effect of a sale and conveyance by a commissioner is to transfer the title of the real estate from one person to another, and that all the means by which the title to real property is transferred, whether by deed, by will, or by judicial proceeding are subject to and may be governed by the legislative will of the state in which it lies except where the law of the state on that subject impairs the obligation of a contract, and that a decree of the Circuit Court requiring a sale to be made in accordance with the course and practice of the court, without redemption, where the law of the state allows redemption, was erroneous. Under the doctrine of that case it is clear that the decree of foreclosure in this case was erroneous. It was, however, erroneous, simply, and not void. It cannot be collaterally impeached, but must be regarded as valid and binding until reviewed by the appellate court. Where a court has jurisdiction the record must be received as conclusive of the rights adjudicated, and no fact established by the judgment of the court can be controverted. *Shriver's Lessee v. Lynn*, 2 How., 43. When it is once made to appear that a court has jurisdiction, both of the subject matter and the parties, the judg-

ment which it pronounces must be held conclusive and binding upon the parties thereto, and their privies, notwithstanding the court may have proceeded irregularly or erred in its application of the law to the case before it. Cooley on Constitutional Limitation, 408.

The authorities cited by plaintiffs do not sustain the position for which they contend. *Gorham v. Wing*, 10 Mich., 486; *Gross v. Focoler*, 21 Cal., 392, and *Bernard v. Gleim*, 33 Cal., 668, simply hold that, where property is sold under a judgment authorizing the issuance of a certificate of purchase, to be followed by deed if redemption is not made, a deed executed before the expiration of the period of redemption is void. It is evident that the execution of a deed before the expiration of the recognized period of redemption is quite a different thing from the execution of a deed pursuant to a sale under a foreclosure which cuts off all equity of redemption.

*Bethel v. Bethel*, 6 Bush., Ky., 65, holds that a sale of land can be valid only when made in pursuance of the judgment, and that an invalid sale cannot be sanctified by a mere confirmation of the commissioner's report.

*Gaines v. New Orleans*, 6 Wall., 642, holds that the probate court could not by a subsequent order give validity to sales made by execution, which were void by the law of the state where made.

*Gray v. Brignardello*, 1 Wall., 627, holds that a purchaser at judicial sale is protected only when the power to make the sale is clearly given in the decree, and does not apply to a sale made under an interlocutory decree only, or under a conditional order, the condition not having been fulfilled.

In *Minnesota Co. v. St. Paul Co.*, 2 Wall., 609, it is held that a sale by the marshal unauthorized by the decree is without any validity, and that it is doubtful whether a court. by a mere general order of confirmation, can make it valid.

*Shriver's Lessee v. Lynn*, 2 How., 43, holds that a sale can be made only pursuant to the terms of the decree, and that

where a decree is offered in evidence its nature and effect must be determined by an examination of the record.

In *Snitterlin v. Conecticut Mutual Life Insurance Co.*, — Ill., ——, it was expressly left undetermined whether a decree of the United States District Court ordering a sale of mortgaged premises without allowing the statutory redemption was void, but it was held that no relief could be granted, inasmuch as the party complaining had made no offer to redeem within the period allowed for redemption. It is clear that these authorities fall very far short of authorizing a holding that the sale in question is void and can be disregarded in this proceeding. The sale was regularly made, pursuant to a decree of a competent court, having jurisdiction both of the parties and of the subject matter. The decree, however erroneous, is everywhere entitled to respect until reversed in the manner by law prescribed. The sale made pursuant to this decree cannot be impeached in this action. The demurrer to the defendant's answer was properly overruled.

AFFIRMED.