# CASES

## ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

### S. L. HYMAN *et al.*

### *v.*

### GEORGE M. BOGUE *et al.*

#### *Filed at Springfield November 1, 1890.*

1. REDEMPTION—*from judicial sale—is a statutory right.* The right of redemption from a judicial sale is a statutory right, and must be exercised in pursuance of the statute, otherwise it will be ineffective.

2. SAME—*decree cutting off redemption—can not defeat the statutory right.* The fact that a decree may have directed an absolute sale without redemption, or that a sale is made in pursuance of such a decree, and a deed is executed by the master to the purchaser or his assignee, constitutes no obstacle to a redemption in the mode prescribed by the statute. It is the statute that gives the right, and a decree denying the right is inoperative.

3. SAME—*bill to redeem—as seeking to avail of the right given by statute—prerequisites.* A bill seeking to enforce the right of redemption of land given by the statute is bad, if it does not show an attempt to exercise the right in the usual statutory mode. So a bill containing no averments that the complainant had paid or tendered the redemption money to any person authorized to receive it, or that he had taken any of the steps prescribed by the statute to effect a redemption, and which merely alleges a readiness to redeem and offer to pay the redemption money, but none is tendered or brought into court, is insufficient.

4. SAME—*in what cases redemption allowed—of a sale of a trust estate for the purpose of distribution.* The statute allows redemption from judicial sales in the following cases, only : Sales under execution, judgment or decree, for the foreclosure of mortgage, or enforcement of mechanic's lien or vendor's lien, or for the payment of money. A judicial sale in execution of a trust, when the purpose of the trust can be accomplished only by converting land into money, is not included in section 16, of chapter 77, of the Revised Statutes.

5. So where land held by trustees, to be sold and converted into money, and distributed to the beneficiaries of the trust at the proper time, is sold under a decree in the enforcement of the trust, there will be no redemption from the sale.

6. PLEDGE—*extent of it—as, on the hypothecation of the interest of one of two beneficiaries in trust property.* Where land is held by trustees as a trust fund for two persons, between whom the net proceeds of a sale of the land, after the payment of certain advances, are to be divided, and one of the beneficiaries assigns his interest as a security for a debt, such assignment or transfer will not constitute a mortgage on the land, but is a pledge or mortgage only of the assignor's distributive share which he may receive upon the execution of the trust.

APPEAL from the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

Messrs. BISBEE, AHRENS & DECKER, for the appellants :

The interest which Robert W. Hyman, deceased, had in section 21, was an interest in the realty, which remained as to the individual creditors of said Hyman's real estate, and descended, as such, to his heirs. Story on Partnership, secs. 83, 93 ; Collyer on Partnership, secs. 53, 15 ; *Potts* v. *Waugh,* 4 Mass. 424 ; *Lang's Heirs* v. *Warring,* 25 Ala. 625 ; *Black* v. *Black,* 15 Ga. 445 ; *Buchan* v. *Sumn,* 2 Barb. Ch. 165 ; *Patterson* v. *Brewster,* 4 Edw. Ch. 366 ; *Galbraith* v. *Gedge,* 16 B. Mon. 631 ; *Smith* v. *Burnham,* 3 Sumn. 435 ; *Dyer* v. *Clark,* 5 Metc. 562 ; *Howard* v. *Priest,* 5 id. 582 ; *Burnside* v. *Merrick,* 4 id. 569 ; *Coles* v. *Coles,* 5 Johns. 159 ; *Smith* v. *Jackson,* 2 Edw. Ch. 28 ; *Delmonico* v. *Guillaume,* 2 Sandf. Ch. 366.

The transaction between Robert W. Hyman, in his lifetime, and the Norfolk National Bank of Virginia, to which the trustees of the Robinson estate became a party, was in the nature

of an equitable mortgage on real estate. 1 Jones on Mortgages, 162; *Chadwick* v. *Clapp*, 69 Ill. 119; *Daggett* v. *Rankin*, 31 Cal. 321; *Flagg* v. *Mann*, 2 Sumn. 533; *Ex parte Willis*, 1 Ves. Jr. 162; *Fitzhugh* v. *Smith*, 62 Ill. 486.

An equitable mortgage remains a mortgage until foreclosed by a suit in equity, and such a suit is necessary to cut off the mortgagor's equity. *Mowrey* v. *Wood*, 12 Wis. 428; *Dodge* v. *Silverthorn*, id. 644; *Jarvis* v. *Dutcher*, 16 id. 307; *Case* v. *McCabe*, 35 Mich. 100; *Owen's Exrs.* 44 Ill. 135; *Rockwell* v. *Servant*, 63 id. 424; *Matteson* v. *Thomas*, 41 id. 110.

The decree under which the sale was made being in effect for the payment of money, or the sale of the land to produce that sum of money, and being based upon an equitable mortgage, is fairly within the purview of the statute. Rev. Stat. chap. 77, secs. 16, 18.

The right of redemption is a property right, and, in so far as the decree did not provide for redemption, it was simply void. *Brine* v. *Insurance Co.* 96 U. S. 627; *Owens* v. *Powell*, 98 id. 176; *Burley* v. *Flint*, 105 id. 247; *May* v. *North Chicago Co.* 106 id. 163; *Fitch* v. *Wetherbee*, 110 Ill. 492; *Suitterlin* v. *Insurance Co.* 90 id. 483.

In the numerous cases which have been considered by this court, where it has been held that the statute must be followed, there is no case where there was any obstacle in the way of following out the statute. The following are illustrative cases: *Stone* v. *Gardner*, 20 Ill. 304; *Littler* v. *People*, 43 id. 188; *Chiles* v. *Davis*, 58 id. 411; *Durley* v. *Davis*, 69 id. 135.

This court has held that the statute should be construed liberally, and that equitable relief may be granted. *Robertson* v. *Dennis*, 20 Ill. 313; *Roan* v. *Rohrer*, 72 id. 582; *Trotter* v. *Smith*, 59 id. 230; *Lucas* v. *Nichols*, 66 id. 40; *Mixer* v. *Sibley*, 53 id. 61; *Chiles* v. *Davis*, 58 id. 411; *Karnes* v. *Lloyd*, 52 id. 113; *Sweezy* v. *Chamberlin*, 11 id. 445.

The complainants have a right to competent evidence of redemption. *Lloyd* v. *Karnes*, 45 Ill. 62.

This case is distinguishable from all others, and is within the principles on which equity grants relief. *Earl of Bath* v. *Sherwin,* 10 Mod. 1; *Mixer* v. *Sibley,* 53 Ill. 61.

Having come into equity, the complainants were not required to tender the money to the master or the purchaser, which in this case would have worked a great hardship. *Essley* v. *Sloan,* 16 Ill. App. 67; *Barnard* v. *Cushman,* 35 Ill. 451; *Powell* v. *Powell,* 114 id. 329.

Messrs. SMITH & HARLAN, and Messrs. LYMAN & JACKSON, for the appellees:

The right of redemption, under the statute, is a privilege conferred by law, to be exercised only on such terms as it has provided. *Farnsworth* v. *Strasler,* 12 Ill. 482; *Stone* v. *Gardner,* 20 id. 304; *Turney* v. *Young,* 22 id. 253; *Durley* v. *Davis,* 69 id. 133; *Littler* y. *People,* 43 id. 188; *Klingman* v. *Hopkie,* 78 id. 152; *Switterlin* v. *Insurance Co.* 90 id. 483; *Coran* v. *Pittenger,* 92 id. 241; *Railroad Co.* v. *Thompson,* 103 id. 207; *Meyer* v. *Mintonye,* 106 id. 414; *Thornley* v. *Moore,* id. 496; *Fitch* v. *Wetherbee,* 110 id. 492; *Insurance Co.* v. *Cushman,* 108 U. S. 62.

The statute applies to realty,—not personalty. *Railroad Co.* v. *Thompson,* 103 Ill. 207; *Hammock* v. *L. & T. Co.* 105 U. S. 95.

The complainants have taken no steps to redeem,—they have not complied with the statute.

The agreement of June 20, 1864, between Hyman and Robinson, and the agreement of September 24, 1867, between Hyman and Robinson's executors, reciting that the land was purchased for their joint account and benefit, constituted Hyman and Robinson, and, subsequently, Hyman and Robinson's executors, partners in the transaction, with all the incidents of co-partnership. *Nicoll* v. *Ogden,* 29 Ill. 323; *Nicoll* v. *Miller,* 37 id. 387; *Nicoll* v. *Mason,* 49 id. 358; *Simpson* v. *Leech,* 86 id. 286; *Faulds* v. *Yates,* 57 id. 416; *Morrill* v. *Cole-*

*hour,* 82 id. 618; *Morse* v. *Richmond,* 97 id. 303; *Smith* v. *Gear,* 59 id. 381; Story on Partnership, secs. 92, 93, and note on pp. 150-164.

Mr. Justice Bailey delivered the opinion of the Court:

This was a bill in chancery, brought by S. L. Hyman, Mary H. Pindar, Edward H. Green and Hetty H. R. Green, against George M. Bogue, R. Suydam Grant and the New York Life Insurance Company, to redeem section 21, township 39, north, of range 13, east of the 3d principal meridian, in Cook county, from a sale under a decree of the Circuit Court of said county. The bill prays that, upon payment by the complainants of the redemption money, defendants Bogue and Grant be required to convey said premises to the complainants; that said insurance company be required to release a certain mortgage thereon executed to the company since said sale, and that the defendants be decreed to surrender and deliver up said premises to the complainants. A demurrer to said bill for want of equity having been sustained, and the complainants having elected to abide by their bill, a decree was entered dismissing said bill at the complainants' costs, and they now bring the record to this court by appeal.

The facts out of which the litigation arose have already been twice before this court, first, in *Barling* v. *Peters,* 131 Ill. 78, which was an appeal from the judgment of the Appellate Court affirming the decree under which said sale was subsequently made, and again in *Barling* v. *Peters,* 134 Ill. 606, in which the order of the Circuit Court confirming said sale was brought up for review. Said decree having directed the sale of said premises absolutely and without redemption, and a deed having been executed to the purchaser in accordance with its terms, the complainants seek by the present bill to assert a statutory right to redeem from said sale under the provisions of chapter 77 of the Revised Statutes.

The bill is quite voluminous, but as all of the material facts involved in the controversy, except such as have transpired since the confirmation of the sale, are sufficiently stated in the opinions filed in the former cases, it will be unnecessary to repeat them here. The present bill sets out, in substance, the bill, answers, replications, decree, the master's report of sale, and the proceedings thereon resulting in a confirmation of said report, which were presented by the former records, and also alleges that, on the 6th day of March, 1890, the master in chancery executed a deed conveying said section 21 to R. Suydam Grant, the $602,000 purchase money, less the twenty per cent deposited at the time of the sale, having been paid in to the Metropolitan National Bank of Chicago; that on the same day, said Grant borrowed of the New York Life Insurance Company the sum of $350,000, and secured the same by mortgage upon said premises, it being provided, in pursuance of an order of court, that if said sale should be set aside or vacated, said loan should be repaid to said insurance company out of the fund so deposited in said bank.

The bill further alleges that complainants S. L. Hyman and Mary M. Pender are the heirs at law of Robert W. Hyman deceased, and as such are interested in said section 21; that the complainants have always, since said conveyance to said Grant, been ready to redeem said premises from said sale, and they insist that they are entitled to redeem the same, because, as they aver, the claim of said Peters upon said land was and is in the nature of a mortgage upon the undivided half of said land which equitably belonged to said Hyman in his lifetime, and which descended to his heirs, subject to the prior lien in favor of said trustees for the advancements made by Robinson in his lifetime and by said trustees after his death. And said complainants, by their bill, offered to pay into court the amount for which said premises were sold, with eight per cent interest thereon from the date of said sale, but they allege that the defendants insist and claim that such redemption can

not be made, and that they take the fee to said property absolutely without right of redemption.

Taking the averments of the bill as true, there are two grounds upon which the decree of the Circuit Court may be affirmed. First, the right of redemption of which the complainants are seeking to avail themselves is that given by the statute, and it does not appear from the bill that they have attempted to exercise that right in the mode the statute prescribes. "One who seeks to redeem must comply fully and strictly with the statute or he gains nothing." *Ex parte The Bank of Monroe*, 7 Hill, 177. "The right of redemption is statutory, and must be exercised in pursuance of the statute, otherwise it will be ineffective." *Littler* v. *The People*, 43 Ill. 188; *Durley* v. *Davis*, 69 id. 133; *Silliman* v. *Wing*, 7 Hill, 159; Rorer on Judicial Sales, sec. 1148, *et seq.*

Section 18, chapter 77 of the Revised Statutes provides that, any defendant, or any person interested in the premises through a defendant, may, within twelve months of a sale from which redemption is given by law, redeem the real estate so sold, "by paying to the purchaser thereof, his executors, administrators or assigns, or to the sheriff, or master in chancery, or other officer who sold the same, or his successor in office, for the benefit of such purchaser, his executors, administrators or assigns, the sum of money for which the premises were sold or bid off, with interest thereon at the rate of eight per centum per annum from the time of such sale."

The bill contains no averment that the complainants have paid or tendered the redemption money to any person authorized to receive it, or that they have taken any of the steps prescribed by the statute to effect a redemption from said sale. They merely allege their readiness to make a redemption, and by their bill offer to pay the redemption money, but no money is tendered or even brought into court. This can not be said to be in any sense a pursuance of the statutory requirements.

Nor does the fact that the decree directed an absolute sale without redemption, or that the sale was made in pursuance of the decree and a deed executed by the master to the purchaser or his assignee, constitute any obstacle to a redemption in the mode prescribed by the statute. As we said in *Fitch* v. *Wetherbee*, 110 Ill. 475: "It is the statute that gives the right of redemption, and not the decree of court. In a case where the statute authorizes a redemption from a sale, a clause in a decree ordering the sale that declares the sale shall be absolute, will not bar that right. That portion of the decree will be regarded as inoperative, and a redemption will be allowed as in other cases." See also, *Brine* v. *Ins. Co.* 96 U. S. 627; *Owens* v. *Powell*, 98 id. 176; *Swift* v. *Swift*, 102 id. 442; *Burley* v. *Flint*, 105 id. 247; *Mason* v. *Northwestern Ins. Co.* 106 id. 163. There was no occasion therefore to resort to a court of chancery for the purpose of establishing a right to redeem before paying or tendering the redemption money.

But, secondly, the sale is not one from which the statute gives a right of redemption. The land which was the subject of the sale was a trust, held by the trustees of the Robinson estate, to be sold and converted into money, and distributed to the beneficiaries of the trust. The money by which said land was purchased and which was afterward required to pay the taxes thereon, was advanced partly by Robinson in his lifetime, and partly by his executors and trustees after his death. By the terms of the contracts in pursuance of which said land was purchased, it was to be held for the joint benefit of Robinson and Hyman, or their legal representatives, and at the proper time was to be sold, and the proceeds, after repaying the advances made by Robinson and his executors, and interest thereon, were to be divided equally between the beneficiaries of the Robinson estate and the legal representatives of Hyman. Hyman's interest in said trust property had been assigned by him to the Exchange National Bank of Norfolk,

Virginia, to the extent of his indebtedness to said bank, and upon the insolvency of said bank, the interest so assigned passed into the hands of Peters, its receiver. The bill which resulted in the decree under which the sale in question was had, was brought by Peters, as such receiver, to compel an execution of said trust by a sale of said land and a distribution of the proceeds according to the terms of the trust. The sale was therefore a mere conversion of the trust property into money for the purpose of distribution, as contemplated by the contracts under which said land was purchased and said trust created and declared.

The right of redemption from judicial sales being purely statutory, it can be exercised only in those cases where the statute gives it. The cases where it is given are enumerated in section 16, chapter 77, of the Revised Statutes, and are the following, viz: sales "by virtue of an execution, judgment, or decree for foreclosure of mortgage, or enforcement of mechanic's lien, or vendor's lien, or for the payment of money." It is clear that a judicial sale made in execution of a trust, where such execution can be accomplished only by converting the land held in trust into money so as to effect a proper distribution, is embraced in neither of these specifications. The only specification as to which any possible question can arise is the last, viz, sales "for the payment of money," but that very plainly embraces only those cases where the direct object of the sale is the payment of money due by sale of the property of the debtor.

But it is insisted that the transfer by Hyman to the bank of his interest in the proceeds of said land was in the nature of a mortgage of his interest, and that the bill by the receiver was a bill to foreclose said mortgage. This clearly is a misapprehension. The interest which Hyman purported and undertook to assign to the bank was, in terms, the right, upon sale of said land, to the one half of the net profits, as provided by the agreements under which said land was purchased. With-

2—135 ILL.

out pausing to inquire whether such assignment constituted a hypothecation or mortgage of Hyman's interest in the net profits, it is clear that it constituted in no sense a mortgage on the land. The trust under which the land was held was recognized, as well as the right of the beneficiaries to have the trust executed by a sale of the land, and the only right pledged or mortgaged was the distribution which would be made to Hyman upon the execution of the trust.

We are of the opinion that the sale was one from which the statute gave no right of redemption, and that for that reason, as well as for the reason first above stated, the decree of the Circuit Court must be affirmed.

*Decree affirmed.*