J. B. EHRSAM v. GUILFORD SMITH *et al.*

No. 11,547. (60 Pac. 740.)

JUDICIAL SALE—*Redemption—Erroneous Judgment—Collateral Attack.* A judgment of a court having jurisdiction of parties and subject-matter foreclosing a mortgage on real estate executed after the passage of the redemption act of 1893 (Laws 1893, ch. 109; Gen. Stat. 1897, ch. 95, §§ 471, 472, 521–524; Gen. Stat. 1899, §§ 4742–4769), which erroneously orders a sale and conveyance of the property without providing for redemption, is not a nullity, and cannot be successfully assailed by a collateral attack.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed April 7, 1900. Affirmed.

*Hurd & Hurd,* for plaintiff in error.

*Garver & Larimer,* and *T. E. Dewey,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action by J. B. Ehrsam to enforce his alleged right, as a creditor of the J. B. Ehrsam Machine Company, to redeem certain real estate of that corporation previously sold at a judicial sale.

On June 1, 1894, the machine company gave a mortgage to Guilford Smith to secure the payment of a debt of $25,000 ; the mortgage was foreclosed, the decree being entered on February 12, 1897, which, among other things, directed the sale of the mortgaged property at the expiration of six months thereafter, if the personal judgment was not paid, and that the defendants, some of whom were creditors, should '' be forever barred from claiming any interest in, title to or lien upon said premises.'' In pursuance of the decree, and after notice, the property was sold by the sheriff on October 4, 1897, to Guilford Smith for $5000, and thereafter, on October 23, 1897, the sale was confirmed and the sheriff was ordered to make and deliver a deed to the purchaser, which was accordingly done on December 22, 1897.

After the sale, and on November 8, 1897, J. B. Ehrsam recovered two judgments against the machine company, one for $296.75, and the other for $2249, and a judgment for a small amount had previously been obtained by him before a justice of the peace. On January 3, 1899, this proceeding to redeem was begun, a previous tender of the amount paid by the purchaser, with accrued interest, having

been made, but the trial court held that on the facts alleged the action could not be maintained. As will be observed, the mortgage foreclosed was executed after the passage of the redemption law of 1893 (Laws 1893, ch. 109 ; Gen. Stat. 1897, ch. 95, §§ 471, 472, 521–544 ; Gen. Stat. 1899, §§ 4742–4769), and the property sold was therefore subject to redemption as the act provides. The trial court, through an oversight or error, adjudged that a sale should be made within six months, a deed made, and that the mortgagor and all persons through it should be barred of any lien on or interest in the property sold. The judgment of the court was carried out, the sale made, and the deed executed, and the question we have is whether a creditor of the mortgagor who obtained judgment subsequently to the foreclosure and sale of the premises has a right to enforce redemption in an action begun more than a year after the sheriff's deed was executed.

That there was error committed by the court in directing the execution and delivery of a deed, instead of a certificate of purchase subject to redemption, will be conceded, but the contention is that the sale and deed were made pursuant to the judgment of a court which had complete jurisdiction of all necessary parties and of the subject-matter, and that such judgment, however erroneous, is conclusive upon all interested parties so long as it remains in force. If the judgment of the court is erroneous simply, and not void, it cannot be collaterally impeached in this proceeding. The court had general jurisdiction of the subject-matter, all necessary parties were before it, and, as said in *In re Dill, Petitioner,* 32 Kan. 691, 5 Pac. 49, " a judgment rendered or order made with jurisdiction is always valid until reversed or set aside, although the

judgment or order may be ever so irregular and erroneous, or founded upon proceedings ever so irregular and erroneous.'' With jurisdiction of the subject-matter and parties the court assumed to decide when the sale should be made and when the deed should issue, and it is said that the right to decide involves the authority to decide wrong as well as right; that is, a judgment with jurisdiction is conclusive of the facts established and the rights adjudicated, although the court may have committed gross error in the interpretation of the law or in the application of the same to the real facts of the case.

An illustration of this principle is found in *Mills v. Ralston*, 10 Kan. 206, which involved the right of redemption. A mortgage had been foreclosed which had been executed under a statute authorizing redemption within two years. The decree, however, barred redemption, and the sale was made under the decree. Afterward the validity of the decree and sale was challenged by an interested party, and one of the points decided was that, ''when a court of general jurisdiction has jurisdiction of the person and subject-matter, an erroneous ruling, even upon a question of law, will not avoid a title obtained under its decree.'' The case of *Ogden v. Walters*, 12 Kan. 282, also bears upon the question. In that case the redemption of land from a sheriff's sale was under consideration, and Justice Brewer remarked that '' the decree in the foreclosure suit in terms barred all right of redemption, and this was binding upon all parties and privies, even if erroneous, and cannot now be attacked collaterally.''

The case of *Moore v. Jeffers*, 53 Iowa, 202, 4 N.W. 1084, is an authority as to the effect of a decree in such case. The state of Iowa had a statute authoriz-

ing the redemption of real estate sold at judicial sale ; a mortgage was foreclosed in the federal court for the district of Iowa, and a decree was entered directing a sale of the premises without redemption, in accordance with the statutes of the state. The supreme court held that such a decree is erroneous only, and not void, and can only be attacked by direct proceedings in the same case. See, also, *Traer Brothers v. Whitman*, 56 Iowa, 443, 9 N. W. 339 ; *Spencer et al. v. McGonagle*, 107 Ind. 410, 8 N. E, 266 ; *Lutes v. Alpaugh*, 23 N. J. L. 165.

Under the redemption statute a contingency may arise where the period of redemption for the owner would be limited to six months from the date of sale, and in such cases junior lien-holders would only be entitled to three months from that time. However, in a case like this we need not inquire whether the facts brought the case within any of the contingencies or exceptions of the statute, for the court being vested with jurisdiction of subject-matter and parties, and having authority to decide, its judgment, although palpably erroneous, is not a nullity and cannot be successfully assailed by a collateral attack.