Martin v. Miller.

### No. 20,073.

I. E. MARTIN, *Appellee*, v. WILLIAM D. MILLER et al.
(P. K. LEWIS, *Appellant*).

#### SYLLABUS BY THE COURT.

1. MORTGAGE—*Decree of Foreclosure—Error in Period of Redemption—Valid Until Modified or Set Aside.* Where a judgment foreclosing a real-estate mortgage erroneously fixes a shorter period of redemption than that allowed by the statute, it is not error for the court on confirmation of the sale to refuse to extend the limitation to the statutory period, so long as the original judgment remains unchanged.

2. SAME—*Method of Correcting Error in Period of Redemption.* If the part of a judgment of foreclosure which unduly limits the right of redemption is the result of inadvertence or misapprehension of the facts, the proper method for its correction is by a motion under the statute relating to irregularities, a remedy which is open to one purchasing the land after the rendition of the judgment from a defendant who was not personally liable for its payment.

3. SAME — *Error in Decree of Foreclosure — Can be Corrected Only in Manner Prescribed in Statute.* The circumstance that the plaintiff, being also the purchaser at the sheriff's sale, asks the court upon confirmation to shorten the time for redemption to six months, on the ground that the lien foreclosed was for purchase money (a claim found not to be sustained by the facts), does not authorize the court to disregard the terms of the original judgment and fix the period at eighteen months.

4. SAME—*Judicial Discretion.* Although the trial court by liberality of construction might have treated a request made after sale, to fix the time of redemption at the statutory period, as a motion to correct the original judgment in that regard, the omission to do so in the present case held not to constitute error.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed April 8, 1916. Affirmed.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *S. A. Buckland,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: I. E. Martin brought an action for the foreclosure of several mortgages upon land the title to which was in Jay L. Williams. Williams was a party but did not appear.

Judgment was rendered on June 24, 1913, finding that the property had been abandoned by the defendants and ordering that (inferentially on that account) it should be sold subject to a right of redemption to be exercised within one year from the date of the sale. On August 5, 1913, Williams executed a quitclaim deed to P. K. Lewis. Four days later Lewis filed a motion setting out that he was the owner of the property and asking that he be permitted to plead. On September 13, 1913, he filed what he designated as an interplea, reciting that the court had granted him permission to do so, and alleging that by virtue of the quitclaim deed he was the owner of the land subject to the mortgages. On March 11, 1914, the sheriff's sale was had, and the plaintiff, Martin, bid the property in. On the same day Lewis filed a motion asking that the sale be set aside, or, if it should be confirmed, that the period of redemption should be fixed at eighteen months, alleging in effect that the entry showing a limitation to one year had been made inadvertently. Martin about the same time filed a motion for confirmation, in which he alleged that the lien to be enforced was for the purchase price of the land, and asked that the right of redemption be limited to six months. The motions were heard together, evidence being received regarding the origin of the lien. The court found that "the obligation sued upon by the plaintiff herein was not given for purchase money and that therefore the period of redemption should be eighteen months, but on account of the fact that at the time of the rendition of the decree herein the period of redemption was fixed at twelve months the court will not now change said period of redemption as heretofore fixed." The sale was confirmed, the decree following the judgment in providing that the land must be redeemed, if at all, within one year from the day of sale. Lewis appeals.

(1) It has been said by text-writers that "the court can not bar the right of redemption when it is given by statute" (24 Cyc. 68), and that " if the statute gives the right of redemption from a judicial sale, a clause in the decree ordering the sale, that declares that the sale shall be absolute, will not bar the right of redemption; that portion of the decree will be regarded as inoperative, and a redemption will be ordered as in other cases" (17 A. & E. Encycl. of L. 1034). The doctrine

that a clause in a decree shall be disregarded if it is in conflict with the statute relating to redemption has been declared in one case. (*Fitch v. Wetherbee et al.,* 110 Ill. 475, 492.) In another the same rule has been followed, but with the reservation that if the question of the right of redemption were directly raised in the action a determination thereof in the decree of foreclosure would not be open to collateral attack by an objection to the confirmation of the sale. (*County of Logan v. McKinley-Lanning Loan & Trust Co.,* 70 Neb. 406, 101 N. W. 991.) Other cases sometimes cited as supporting the same view hold merely that the part of a judgment which conflicts with the statute is erroneous and may be corrected by direct proceedings for that purpose, or that the particular judgment in question was to be so interpreted as to conform to the statute. In this state it is settled that notwithstanding the statute no redemption may be had from a sale made under a decree which declares the right thereto to have been cut off. (*Ehrsam v. Smith,* 61 Kan. 699, 60 Pac. 740.) And it seems clear on principle that however much error may have been committed in the rendition of a judgment, the effect of a sale made under it must be measured by its terms. The bidder at a judicial sale may properly look to the language of the judgment under which it is made for reliable information as to what he will get if his bid is accepted. The right to a deed and possession unless the property is redeemed within a year is quite a different thing from a right to a deed and possession unless redemption is made within eighteen months.

(2) If the provision of the judgment that the period of redemption should be limited to one year was the result of an inadvertence, or of some misapprehension of the facts, it could have been corrected on the application of Williams, even after the expiration of the term, under the statute in relation to irregularities. (Civ. Code, § 596, subdiv. 3; *Bank v. Ross, Ex'x,* 90 Kan. 423, 133 Pac. 538.) Upon such an application the court could have corrected the judgment and set aside the sale, or with the consent of the bidder could have confirmed the sale and fixed the time of redemption at eighteen months. As the judgment against Williams had relation merely to the enforcement of a lien against the land, the execution of the deed transferred whatever rights he had to attack the judgment to

his grantee. Such is the rule with respect to statutory proceedings for opening default judgments (*Leslie v. Gibson,* 80 Kan. 504, 103 Pac. 115), and the reason on which it is based applies 'to such a case as the present, although a difference is recognized between an ordinary judgment and one which does not become absolute until the lapse of some fixed period within which it may be opened as a matter of right. (Note, 26 L. R. A., n. s., 1064.)

(3) But no motion was made to set aside, modify or correct the judgment, and the order appealed from simply followed its provisions. So long as the judgment remained unchanged a sale made under it would necessarily be subject to redemption only for the period of one year therein provided. The fact that the plaintiff (who was also the purchaser) asked the court at the time of confirmation to make a further restriction upon the time allowed for redemption, by limiting it to six months, does not lessen the binding effect of the judgment.

(4) If the trial court had treated Lewis' request as a motion to modify the judgment, and upon a finding of inadvertence or irregularity had changed the period of redemption as there fixed, from twelve months to eighteen, its action in that regard would have been unassailable. But we can not say that it was compelled to pursue such course, or that it committed error in adhering to the terms of the original judgment, and in requiring redemption to be made, if at all, within the time there set.

The judgment is affirmed.