[Civil No. 2274.  Filed September 24, 1925.]

[239 Pac. 299.]

# WESTERN LAND AND CATTLE COMPANY, a Corporation, Appellant, v. THE NATIONAL BANK OF ARIZONA. at Phoenix, a Corporation, Appellee.

1. JUDGMENT—DECREE WHICH IS MERELY ERRONEOUS, BUT NOT BEYOND JURISDICTION OF COURT, CANNOT BE ATTACKED COLLATERALLY.—Decree which is merely erroneous, but not beyond jurisdiction of court, cannot be attacked collaterally.

2. JUDGMENT—COURT MUST HAVE AUTHORITY TO RENDER DECREE OF THE KIND IN QUESTION, AS WELL AS JURISDICTION OF PERSON AND SUBJECT MATTER.—Court must have authority to render decree of the kind in question, as well as jurisdiction of person and subject matter.

3. MORTGAGES—STATUTE GIVES RIGHT OF REDEMPTION AND NOT DECREE OF COURT.—Statute gives right of redemption and not decree of court.

4. EXECUTION—PURCHASER'S RIGHTS AT EXECUTION SALE FIXED BY STATUTE AND NOT BY DECREE OF COURT.—Purchaser's rights at an execution sale are fixed by Civil Code of 1913, paragraph 1373, and not by the decree of the court.

5. MORTGAGES — ORDER, EXTENDING PERIOD OF REDEMPTION BEYOND PERIOD FIXED BY STATUTE, SUBJECT TO COLLATERAL ATTACK.—As court is entirely without authority to make order extending period of redemption beyond period fixed by statute, such order is subject to collateral attack.

6. JUDGMENT—PART OF DECREE, ERRONEOUSLY EXTENDING PERIOD OF REDEMPTION, HELD NOT TO AFFECT BALANCE OF DECREE, AND REMAINDER IN FULL FORCE AND EFFECT.—Part of decree, erroneously extending period of redemption, *held* not to affect balance of decree, and remainder in full force and effect.

7. MORTGAGES—PARTIES MAY, BY AGREEMENT, EXTEND PERIOD OF REDEMPTION, OR GRANT A NEW PRIVILEGE OF REDEMPTION.—Parties

---

1. See 15 R. C. L. 837.

3. See 19 R. C. L. 638.

5. Power of court on equitable grounds to permit redemption from mortgage foreclosure sale after expiration of statutory period of redemption, see note in L. R. A. 1917E, 637.

7. See 19 R. C. L. 651.

may, by agreement, extend period of redemption, or grant a new privilege of redemption.

8. MORTGAGES—PARTY PLEADING EXTENSION OF PERIOD OF REDEMPTION BY CONTRACT MUST PLEAD AND PROVE SAME.—A party pleading extension of period of redemption by contract must plead and prove the same, and it is not to be presumed such party would have endeavored to exercise statutory right of redemption, with its higher costs and penalties, if it had contract whereby it might have enforced an equity of redemption for a much lower figure.

9. MORTGAGES—NO SUFFICIENT SHOWING OF CONTRACT TO EXTEND PERIOD OF REDEMPTION HELD TO BE SHOWN.—Where party claiming period of redemption existed had heretofore claimed it existed by virtue of statute, *held* that there was no sufficient showing in record of any contract to extend equity.

10. MORTGAGES—RIGHT OF REDEMPTION MUST BE EXERCISED IN MANNER SET FORTH IN STATUTE.—A right of redemption must be exercised in the manner set forth in Civil Code of 1913, paragraph 1378.

11. MORTGAGES — LIENHOLDER IN GOOD FAITH COMPLYING WITH STATUTE AS TO REDEMPTION, NOT DEFEATED THEREIN, BECAUSE IT LATER APPEARED HE WAS IN ERROR AS TO AMOUNT OR PRIORITY OF LIEN.—Where lienholder, in good faith and without knowledge of other liens, complied with Civil Code of 1913, paragraph 1377, in filing notice with county recorder and delivering copy to sheriff, the fact that notice was in error in stating that lien in question was a first lien, where as a matter of fact it subsequently appeared that it was a subsequent lien, *held* that such fact will not defeat his right of redemption.

12. COURTS—COURT CANNOT ENUNCIATE WRONG LEGAL PRINCIPLES TO SAVE INDIVIDUAL LITIGANT FROM UNFORTUNATE RESULT OF ITS OWN MISTAKES.—Court cannot enunciate wrong legal principles to save individual litigant from unfortunate result of its own mistakes.

See (1) 33 C. J., p. 1079.   (2) 33 C. J., p. 1076.   (3) 27 Cyc., p. 1800.   (4) 23 C. J., p. 748 (Anno.).   (5) 27 Cyc., p. 1817.   (6) 34 C. J., p. 510.   (7) 27 Cyc., p. 1818.   (8) 27 Cyc., p. 1857 (Anno.). (9) 27 Cyc., p. 1858 (Anno.).   (10) 27 Cyc., p. 1800.   (11) 27 Cyc., p. 1833.   (12) 15 C. J., p. 915.

On motion for rehearing of appeal from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Motion denied.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellant.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

LOCKWOOD, J.—This matter is before the court on a motion for rehearing. The facts were fully stated in the previous opinion, and need not be repeated at this time. In that opinion we laid down two general propositions of law: First, that the general equity of redemption of a mortgagor under our statutes expired *ipso facto* on the day. of sale, and could not be extended by the court beyond such day; and second, that where in one judgment a first and second mortgage were foreclosed, and a single order of sale made, with directions for the application of the proceeds, the junior mortgagee was not entitled to redeem after sale, under the provisions of paragraph 1377, R. S. A. 1913.

These were the only two questions seriously discussed, either in the briefs, or on oral argument, and our decision was based thereon. We find nothing in the brief of appellants on the motion to change our already expressed views on those issues. Counsel have urged with great force, however, certain other points which were not argued before, though they may be legitimately deduced from the assignments of error, which we will consider.

The first contention of appellant is to the effect that while its statutory right of redemption under paragraph 1377, *supra,* may have expired for the reasons given by the court, yet its equity of redemption still exists, for the reason that the court in its decree of foreclosure specifically continued it until the delivery of the sheriff's deed. While conceding that the trial court was wrong in making such extension, counsel urge, first, that since it had jurisdiction, both of the parties and the subject matter, its decree in this respect was merely erroneous, and not void, and therefore cannot be attacked collaterally in this proceeding, and second, that even though the court's judg-

ment is not operative as a decree, yet, since it was approved by appellee as to form, it was in effect a contract between the parties hereto for an extension of the equity of redemption, and therefore enforceable as such.

The next proposition is that, even admitting appellant has neither equity nor right of redemption under its junior mortgage on any theory, yet appellee has not properly perfected its right of redemption under paragraph 1377, *supra,* and since appellant's right of redemption under its attachment lien is admittedly valid, it is entitled to hold the property. We will discuss these questions in their order.

It is doubtless the general rule that a judgment, which is merely erroneous but not beyond the jurisdiction of the court, cannot be attacked collaterally. 33 C. J. 1079. The difficulty, however, is in determining just whether the error is jurisdictional. We have been unable to find any case, precisely in point on a judgment of this nature, extending the equity of redemption, with the exception of *Neef* v. *Harrell,* 82 Kan. 554, 109 Pac. 188. The decision is very brief, and assigns no reasons for the rule laid down therein, but, since it comes from the state of Kansas, we assume the reasoning followed by the Supreme Court of that state in the cases to which we shall refer later was applied. There are, however, a number of cases in which the effect of a judgment, shortening or abolishing the statutory period allowed for redemption, is considered. There is a sharp conflict in the authorities on this point. The states of Kansas, Iowa, and Michigan hold that, notwithstanding the statute gives a greater right of redemption than the decree of the court, yet the error is not jurisdictional, and cannot be attacked in collateral proceedings.

In *Ehrsam* v. *Smith,* 61 Kan. 699, 60 Pac. 740, the court says:

"That there was error committed by the court in directing the execution and delivery of a deed, instead of a certificate of purchase subject to redemption, will be conceded, but the contention is that the sale and deed were made pursuant to the judgment of a court which had complete jurisdiction of all necessary parties and of the subject-matter, and that such judgment, however erroneous, is conclusive upon all interested parties so long as it remains in force. . . . It is said that the right to decide involves the authority to decide wrong as well as right; that is, a judgment with jurisdiction is conclusive of the facts established and the rights adjudicated, although the court may have committed gross error in the·interpretation of the law or in the application of the same to the real facts in the case."

And it was held the error was not jurisdictional. See, also, *Moore* v. *Jeffers,* 53 Iowa, 202, 4 N. W. 1084; *Huyck* v. *Graham,* 82 Mich. 353, 46 N. W. 781; *Martin* v. *Miller,* 97 Kan. 723, 156 Pac. 709.

Illinois and Nebraska have, however, come to a different conclusion. In *Fitch* v. *Wetherbee,* 110 Ill. 475, 492, the court says:

"The right of redemption given by the statute to a decree or judgment creditor is not affected by a failure of the court to provide in its decree for the sale of real estate, with the privilege of redemption. It is the statute that gives the right of redemption, and not the decree of the court. In a case where the statute authorizes a redemption from a sale, a clause in the decree ordering the sale that declares the sale shall be absolute, will not bar that right. That portion of the decree will be regarded as inoperative, and a redemption will be allowed as in other cases. . . ."

This case was approved in *Hyman et al.* v. *Bogue,* 135 Ill. 9, 16, 26 N. E. 40, and followed in *Logan County* v. *McKinley Loan & Trust Co.,* 70 Neb. 406, 101 N. W. 991. The case of *Brine* v. *Hartford Insurance Co.,* 96 U. S. 627, 24 L. Ed. 858 (see, also,

Rose's U. S. Notes), while not precisely in point, leads to the same conclusion.

We think the decisions in Kansas, and others of a similar nature, have overlooked one of the requisites of jurisdiction. A court must not only have jurisdiction of the person and the subject matter, but the authority to render a judgment of the kind in question. Even though it has the first two, yet a judgment, granting a relief or imposing a burden not within the authority of the court in such a case, is outside its jurisdiction and void. *Windsor* v. *McVeigh,* 93 U. S. 274, 23 L. Ed. 914 (see, also, Rose's U. S. Notes). ·

We think the true principle, which should govern in cases of this kind, is set forth in *Fitch* v. *Wetherbee, supra,* where the court says:

"It is the statute that gives the right of redemption, and not the decree of the court."

In Arizona the purchaser at an execution sale has the rights, which he takes, fixed by the statute and not by the decree of the court. Paragraph 1373, R. S. A. 1913, reads as follows:

"Upon sale of real property, the purchaser is substituted to and acquires all the right, title and interest and claim of the judgment debtor thereto, and when the estate is less than a leasehold of two years' unexpired time, the sale is absolute. In all other cases, including sales under order of the court in foreclosure suits, the property is subject to redemption as provided in the following sections. . . . "

This vests the property in the purchaser by the statute, and not by the judgment of the court, immediately upon the sale, subject only to the statutory right of redemption, and the court is entirely without the authority to make an order extending the equity of redemption. But, since the void part of the judgment in no manner affects the balance of it, we think

that portion of the decree extending the equity of redemption is simply inoperative, and the remainder of full force and effect. *Michigan Trust Co.* v. *Ferry,* 175 Fed. 667, 677, 99 C. C. A. 221; *Connell* v. *McGabie,* 37 Cal. App. 439; 173 Pac. 1115; *Continental Gin Co.* v. *Arnold,* 66 Okl. 132, L. R. A. 1918B, 511, 167 Pac. 613.

We therefore hold that, notwithstanding the language contained in the decree of foreclosure, the equity of redemption was entirely extinguished by statute upon the sale of the real estate.

But, it is said, notwithstanding an equity of redemption may have been foreclosed or lost, the parties may, by agreement, extend the old or grant a new privilege. This is undoubtedly true. *Union Mutual Life Insurance Co.* v. *Kirchoff,* 133 Ill. 368, 27 N. E. 91.

Such a contract, however, must be pleaded and proven by the party alleging it, in the same manner as any other affirmative allegation, and the whole conduct of the appellant negatives its present contention. It is not to be presumed it would have endeavored to exercise the statutory right of redemption, with its higher costs and penalties, if it had a contract whereby it might enforce an equity of redemption for a much lower figure, nor is it claimed anywhere in the pleadings that such a contract existed. Appellant, so far as the equity of redemption is concerned, has always heretofore claimed it existed, if at all, by virtue of the judgment of the trial court, and not by reason of contract. We hold that no sufficient showing appears in the record of any contract to extend the equity of redemption.

The last serious contention made is that, admitting appellant may not redeem under its mortgage, yet that appellee has not complied with the statute allowing it to redeem, and is therefore in no position to

claim a redemption as against the admittedly valid redemption of appellant under its attachment.

It is, of course, true that a statutory right of redemption must be exercised in the manner set forth in the statute. The requisites are found in paragraph 1378, R. S. A. 1913, which reads as follows:

"To entitle a subsequent lienholder to redeem he shall, within six months after the sale, file with the county recorder of the county in which the sale is made a notice in writing stating that he intends to redeem from the sale, and specifying his lien and the amount thereof, and its order of priority, and shall deliver a copy thereof to the sheriff of the county in which the sale took place."

It is admitted that appellee did file a notice with the county recorder as required by law, and delivered a copy of the same to the sheriff. It is contended, however, that this notice was fatally defective for the reason that it stated that appellee's lien was first and superior to all other liens, when, as a matter of fact, it was subsequent in any case, to the attachment lien of appellant. The contention substantially is that although a redemptioner files his notice in perfect good faith and believing as a matter of law and fact he has correctly stated the amount of his lien and his order of priority, yet, if it afterward appears, at the end of bitterly contested litigation, that he may have been in error as to the amount or order of priority, his right of redemption fails entirely. Such a construction of a beneficial statute, meant for the protection of lienholders, would equal in severity the rule required in the interpretation of a penal law. We do not think such was the intent of the legislature. If the lienholder in good faith does the things specified in the statute, the mere fact, that it is later determined he was in error as to either amount of lien or order of priority, does not defeat his right of redemption, but merely requires that he pay the correct

amount in the order determined by the law, when he finally does redeem.

This disposes of all the points raised on the motion for rehearing except that, in the opinion of counsel, the rule adopted by this court is not a workable one. We fail to see any merit in this last contention.

We have considered the various issues raised by appellant long and carefully. We realize the apparent inequity of allowing a third mortgage to take precedence over a second, but we are fully convinced that under the facts of this case, in order to sustain appellant's right of redemption, we would have to lay down general rules of law which are unsound in logic and contrary to the statutes, and which would eventually do an even greater injustice than the one which it complains is being done in this case. All general laws, necessarily, at times, may seem to work a hardship, and this court cannot enunciate wrong legal principles to save an individual litigant from the unfortunate result of its own mistakes.

The motion for rehearing is denied.

ROSS, J., concurs.

NOTE.—McALISTER, C. J., took no part in the determination of this case.