## PHŒNIX JOINT STOCK LAND BANK OF KANSAS CITY v. DEWEY et al.
### No. 1570.

District Court, D. Kansas, First Division.
Oct. 24, 1934.

John F. Reinhardt, of Kansas City, Mo., for complainant.

E. H. Benson, of Colby, Kan., for defendants.

POLLOCK, District Judge.

This is an application of defendant Dewey and wife for an extension of time to redeem from a sale to complainant of mortgaged property sold at a foreclosure sale in a suit pending in this court in the year 1932 by a special master under decree of this court. The application for a further extension of time to redeem from the sale so made is made and presented by defendant Dewey under the Mortgage Moratorium Law of this state (Laws 1934 Kan., Sp. Sess., c. 3). Complainant has moved to strike out this application. The facts, in so far as material to this inquiry, are as follows:

Defendant Chauncey Dewey was the owner of a cattle ranch located in Rawlins county this state containing some 10,000 acres. In the fall of 1926 he mortgaged 6,000 acres of this ranch to secure the payment of $37,500, and interest accruing thereon; default having been made in payment, a foreclosure suit was instituted in this court. There was also a second mortgage on the property given to secure some $10,000 which was also in default and foreclosed. In the same suit also a decree was entered for unpaid taxes. The decree as finally entered in the suit October 12, 1932, was in the sum of $39,915.51, an accounting of the debt stated, and a special master appointed to sell the mortgaged premises in the event the debt was not paid by a date certain stated therein. Under this decree, as the debt remained unpaid, the special master, as ordered in the decree, advertised and sold the land on December 3, 1932, to the complainant for the full amount of the mortgage debt, interest, costs, taxes, etc., for the sum of $41,722.02. The sale was reported to the court, and was by the court duly confirmed December 28, 1932. The order of confirmation further provided the special master should make and deliver to the purchaser a certificate of purchase, and that, unless redeemed within eighteen months, the statutory period for redemption then in force in this state, the special master was further ordered to execute and deliver to the purchaser, or the legal holder of said certificate of purchase, a good and sufficient deed conveying said property to the holder of said certificate. It further appears no redemption of the property so sold was made or tendered within the statutory period at any time. On the contrary, on the 21st day of May, 1934, the defendants Dewey filed in this case and gave notice to complainant, the legal holder of the certificate of purchase of the land, that they would file and present a motion based upon the Mortgage Moratorium Law of the state of Kansas, same being Session Laws of the March, 1934, special session of the Legislature of the state of Kansas. This motion having been made and filed, the complainant, being the holder of the certificate of purchase of the land, moves to strike out from the record this motion. Having been briefed and submitted to the court, this motion to strike out comes now on for consideration.

On the facts above stated, all the orders, decrees, and proceedings taken or had in the foreclosure suit were made in conformity to the law in force at the time they were made and entered, at which time the Mortgage Moratorium Law of the state of March, 1934, did not apply because not then enacted and in existence; hence could not therefore be made applicable. Now, the said orders and decrees, when and since entered, became the law of the case, absolute and binding on the parties to the suit, as the same have not been appealed from, reviewed, or modified as between the parties; they are the law of the case to this day, and cannot now be changed or set aside by any power known to man. Under the valid orders of the court, the holder of the certificate of purchase is entitled to a deed of conveyance of the land, and the special master is bound by the valid order of this court to make and deliver such deed. No act of the Legislature, of the state, if so attempted, can or could operate to change the law of the case. Under this law, the rights and obligations of the parties became fixed beyond all change. Such is the law of this state, Ehrsam v. Smith, 61 Kan. 699, 60 P. 740; Martin v. Miller, 97 Kan. 723, 156 P. 709; Norton v. Graham, 7 Kan. 166; Anthony v. Halderman, 7 Kan. 50; Simpson v. Kimberlin, 12 Kan. 579; Rennolds v. Guthrie, 103 Kan. 829, 177 P. 359; Huls v. Gafford Lumber & Grain Co., 120 Kan. 209, 243 P. 306, and many other cases, and such is the universal law of the land.

To uphold and enforce the Mortgage Moratorium Law of this state passed after the rights of these parties had been finally settled by orders and decrees, as against this fixed and settled law of this case, would be in direct conflict with the settled law of both the state and the nation, would be unconstitutional and void as against the fundamental law of the land and the absolute rights of the parties as determined before the act of the Legislature relied upon was enacted.

It follows, the motion to strike out the application of defendant for a further extension of time to redeem must be, and is, sustained. It is so ordered.