JOHN L. BEVERLY v. MARTHA BARNITZ. *

1. CASE, *Followed.*  The case of *Watkins v. Glenn*, ante, p. 417, followed.

2. MORTGAGE SALE— *Retroactive Operation of Statute.*  Chapter 109, Laws of 1893, relating to the sale and redemption of real estate, does not apply to mortgages given prior to the passage of that act.

*Error from Shawnee District Court.*

ACTION by *Martha Barnitz* against *John L. Beverly* to foreclose a mortgage.  From a judgment and an order directing the sheriff to execute a deed to plaintiff, defendant brings error.  The facts are stated in the opinion herein, filed April 30, 1895.

---

* NOTE.— See *Beverly v. Barnitz*,·post, p. 466.

*E. A. McMath,* for plaintiff in error :

The only question involved in this case is whether chapter 109 of the Laws of 1893, relating to the sale and redemption of real estate, etc., which took effect March 17, 1893, is constitutional as applied to previous mortgages.

In discussing this important question we may assume that the principal and primary test of the constitutionality of this law is whether the law changes or impairs the mortgage contract ; for it may be at once conceded that any change or impairment of the contract rights secured under the mortgage, however slight, would be unconstitutional. But if the new law acts on the remedy only, then the second and final test of its constitutionality is whether a substantial remedy be left ; for the law will not be held unconstitutional simply for the reason that it changes or alters the remedy given by the statute at the time the contract was made.

In Kansas all of the features of the common-law mortgage have been long since wholly swept away or abrogated. Whatever may be the express terms of the mortgage contract, it does not in this state convey any title or estate whatever, either legal or equitable. It gives no right of possession. It gives no power to the mortgagee to sell upon default. It merely gives a lien upon the mortgaged property which can be enforced, not in the manner prescribed in the contract itself, but only in accordance with the rules and practice of the court as the same may be prescribed or limited by statute. *Waterson v. Devoe,* 18 Kas. 233 ; *Seckler v. Delfs,* 25 id. 165.

It may be conceded without argument that if the mortgage contract in this case could be construed by

the laws or the rules of the court in force at the date of the contract, according to its express terms, or as conveying a title, or the right of possession, or the right to sell as therein expressed, the redemption law of 1893 would operate to deprive the mortgagee of rights expressly given him by contract, and would therefore be unconstitutional; but as the only right obtained by the mortgagee under her contract was a right to a lien to be enforced according to the remedy furnished by statute, it is clear that the subsequent law affects only the remedy, and not the terms or conditions of the mortgage itself.

If the parties to this mortgage could not include in it a valid contract for vesting title, or right of possession, or regulating the time or manner of sale, still less could they make a valid contract which would limit the right of redemption. The right of redemption is inherent in every mortgage, notwithstanding any stipulation to the contrary. The parties to a mortgage cannot, even by express contract, limit or restrain this right, either by fixing a limit to the period or by any other condition whatever. Courts of equity have always strenuously resisted all attempts to abridge this right by contract, and have almost uniformly set aside and disregarded every restriction or limitation or condition attempted to be placed upon this right by contract. This rule has been stated by numerous courts and eminent authorities in various forms, but all recognizing the same general principle. *Vernon v. Bethell*, 2 Eden, 113; *Spurgeon v. Collier*, 1 id. 55; Hilliard, Mortg. 59; *Poindexter v. McCannon*, 1 Dev. Eq. 375.

From the foregoing premises we are led to the necessary conclusion, a conclusion that cannot be evaded, that under the construction of the mortgage contract

which obtained in Kansas at the time when this
mortgage was made, and still obtains, and in view of
the invalidity of any contract which the parties may
have attempted or may be presumed to have made
as to the extent of the estate thereby granted, or the
right of possession, or the manner of sale, or in any
way limiting the right of redemption, the mortgagee
obtained no contract rights which are affected or im-
paired by the new law ; and if this law is held to be
unconstitutional, it must be solely upon the ground
that it changed and altered the particular remedy
which was provided for the enforcement of the mort-
gage at the time it was made.

The principal case relied upon by those who claim
the Kansas law to be unconstitutional, is the case of
*Bronson v. Kinzie*, 1 How. 311, decided by the United
States supreme court in 1843.   Unless this case is de-
cisive of the question, it will be conceded that the
supreme court of the United States has not decided
the precise question which arises under the Kansas
redemption law.   In that case the court was called to
pass upon a redemption law passed by the Illinois
legislature in 1841, giving the mortgagor 12 months
from the date of sale in which to redeem, and giving
him meantime the possession of the mortgaged prem-
ises.   The mortgage in question was an Illinois mort-
gage, made before the law passed, and the sale was
made after its enactment.   It was claimed that the
law was unconstitutional as applied to that mortgage.
While the court sustained this claim, and held the
law unconstitutional, the reason given for the decision
and the whole argument of the court result in a con-
clusion precisely the contrary as applied to a Kansas
mortgage.   A careful reading of the opinion of the
court shows that the decision was based upon the

special attributes of the common-law mortgage. It held that the redemption law acted not merely on the remedy, but on the contract itself, because it took away from the mortgagee an estate and a right of possession which the contract expressly gave him, and conferred upon the mortgagor an estate which he was not entitled to ; because it modified the contract itself, and not merely the remedy. This court has called attention to the important distinction between Kansas mortgages and Illinois mortgages, in the case of *Waterson v. Devoe*, 18 Kas. 233.

The case of *Bronson v. Kinzie*, supra, is decisive of the question where the common-law theory of mortgages prevails ; but, under the doctrine there laid down and the reasons given for the decision in that case, it must be held that the Kansas redemption law does properly apply to existing mortgages which have been made and are to be construed according to the laws of Kansas, for the reason that the law does not affect the contract itself, as in Illinois, but acts only on the remedy. See, also, *Howard v. Bugbee*, 24 How. 461 ; Jones, Mortg., § 18 ; 32 Ala. 9.

Before examining the decisions of the state courts, it is well to distinguish between a sale made under a mortgage containing a ''power of sale,'' as authorized in some states, and a sale made under a judicial decree. Where a sale is made under a ''power of sale'' contained in the mortgage, it is a distinct exercise of authority under the terms of the contract, and title is conveyed according to the form of the contract. In such cases a new law providing for redemption and possession by the mortgagee necessarily changes the contract itself, and could not properly apply. While some of the state courts have recognized this excep-

tion, an examination of the authorities shows that every state court that has been called upon to determine the question (in states where the common-law theory of mortgages has been modified, as in Kansas,) has finally sustained the constitutionality of such a redemption law as applied to existing mortgages when foreclosed by action. It is interesting to note that while in several states early decisions may be found deciding adversely, yet in every such case such adverse decisions have been either squarely reversed or practically overruled by later decisions of the same courts.

See *Moore v. Martin*, 38 Cal. 439; *Thorne v. San Francisco*, 4 id. 154; *Heyward v. Judd*, 4 Minn. 487; *Scobey v. Gibson*, 17 Ind. 572; *Davis v. Rupe*, 114 id. 588; *Robertson v. Van Cleave*, 129 id. 229; *Insurance Co. v. Brouse*, 83 id. 62; *Maloney v. Fortune*, 14 Iowa, 418; *White v. Rittenmyer*, 30 id. 273; *Holland v. Dickerson*, 41 id. 367; *Babcock v. Gurney*, 42 id. 156; *Fonda v. Clark*, 43 id. 300; *Olmstead v. Kellogg*, 47 id. 460; *Loan Association v. Hardy*, 26 S. W. Rep. (Tex.) 497; *Iverson v. Shorter*, 9 Ala. 113; *Life Insurance Co. v. Neeves*, 46 Wis. 147; *Van Baumbach v. Bade*, 9 id. 559; *Farnsworth v. Vance*, 2 Coldw. 108; *People v. Livingston*, 6 Wend. 526; *McCoun v. Railway Co.*, 50 N. Y. 176; *Louisiana v. New Orleans*, 109 U. S. 285; *Cook v. Grey*, 2 Houst. 455; *James v. Stull*, 9 Barb. (N. Y.) 482; *Butler v. Palmer*, 1 Hill, 324; *Chadwick v. Moore*, 8 Watts & S. 49; *Antoni v. Greenhow*, 107 U. S. 769; *Morley v. Railway Co.*, 13 S. C. Rep. 55; *Berthold v. Fox*, 13 Minn. 501.

But it is claimed that the laws which are in force at the time and place of making a contract enter into, and form a part of it, and eminent authorities are cited

to sustain this position, notably the case of *Van Hoffman v. City of Quincy*, 4 Wall. 550, in which Mr. Justice Swayne said :

"It is also settled that the laws which subsist at the time and place of making the contract, and where it is to be performed, enter into and form a part of it as if they were expressly referred to or incorporated in its terms."

The later cases, however, distinguish between such laws as affect the construction and operation of the contract, and those which affect merely the remedy, and hold that the laws in reference to which the parties must be assumed to have contracted were those which in their direct or necessary legal operation controlled or affected the construction and operation and obligations of the contract, not those which affected merely the remedy. *Insurance Co. v. Cushman*, 108 U. S. 51 ; *Morley v. L. S. Rly. Co.*, 146 id. 162 ; *Bank v. Francklyn*, 120 id. 747 ; *Curtis v. Whitney*, 13 Wall. 68. For it is substantially agreed by all the authorities that whatever pertains merely to the remedy may be changed, modified or abrogated by the legislature in its discretion, and to any extent, provided a substantial remedy be left to the creditor, and that such changes may constitutionally be applied to existing contracts. 5 Am. & Eng. Encyc. of Law, 595.

See, also, *Cusic v. Douglas*, 3 Kas. 123.

The mere fact that a legislative change of remedy may indirectly lessen the value of an existing contract is not a proper test of its constitutionality. While there are some expressions found in certain opinions of the United States supreme court which apparently justify the application of this test, careful reading of the cases will show that this test is only to be applied with reference to legislation where the contract itself

is affected, not where the legislation affects merely the remedy. See *Seibert v. Lewis*, 122 U. S. 294; *Van Hoffman v. City of Quincy*, 4 Wall. 550; *Curtis v. Whitney*, 13 id. 68; *Insurance Co. v. Cushman*, 108 U. S. 51.

A long line of decisions can be found in addition to the cases hereinbefore cited, which bear more directly on redemption laws, in which similar legislation, postponing or otherwise changing the remedy to the prejudice of the creditor, has been upheld as within the province of the legislature. See *Chadwick v. Moore*, 8 Watts & S. 49; *Van Baumbach v. Bade*, 9 Wis. 559; *Rader v. Road District*, 36 N. J. Law, 273; *Gardenhire v. McCombs*, 1 Sneed, 83; *Holloway v. Sherman*, 12 Iowa, 283; *Farnsworth v. Vance*, 2 Coldw. 108; *Antoni v. Greenhow*, 107 U. S. 769.

But whether this law is politic or not we need hardly say that courts are not at liberty to declare statutes void because of their apparent injustice or impolicy, unless in conflict with the constitution. The invalidity must be beyond a reasonable doubt, and the constitutionality is to be presumed. See Cooley, Const. Lim. 216.

*Ferry & Doran*, for defendant in error :

The only question for the court to determine in this case is, whether under the facts in this action the judge of the district court of Shawnee county, Kansas, should have ordered the sheriff to execute to the purchaser of said premises a deed or a certificate of purchase; and in determining that question two propositions, in our opinion, arise : (1) Does the act of the legislature, chapter 109, Laws of 1893, by its terms provide that it shall apply to contracts entered into before it became a law? (2) Is said act of the legislature void as to contracts entered into prior to its

passage, under article 1, § 10 of the constitution of the United States, which provides that no state shall pass any law impairing the obligation of contracts?

1. We think that a fair construction of this act must lead the court to the conclusion that the legislature when it passed this act did not intend it to apply to prior contracts. It is a cardinal rule of statutory construction that, where the intention as to its being retrospective is doubtful, a statute will be construed as prospective only. Suth. Stat. Constr., § 463; Cooley, Const. Lim.. 455; *Price v. Harrison*, 31 Gratt. 114, and authorities cited; *Thorne v. San Francisco*, 4 Cal. 127, 139–142.

And inasmuch as our own supreme court had already passed upon the question of the validity of such legislation as to prior contracts, and the same had become a rule of property in this state, the legislature must have intended when it passed this act, and inserted therein instances in which the sheriff should execute a deed instead of a certificate of purchase, that this act should be construed, as to the legislative intent, in conformity with the decisions of our supreme court in *Bixby v. Bailey*, 11 Kas. 359, and *Ogden v. Walters*, 12 id. 283, 291, where it was expressly decided that such a law would be unconstitutional as to contracts entered into prior to its passage.

2. If it should be held that, by a fair construction of the act of the legislature, chapter 109, Laws of 1893, it was the intention of the legislature that it should apply to contracts entered into prior to its passage, then we hold that said act is unconstitutional as to prior contracts, under article 1, § 10 of the constitution of the United States, which provides that no state shall pass any law impairing the obligation of contracts.

The court will note, in the authorities hereinafter cited, that it is held that the remedy is a part of the contract, and that any substantial change in the remedy comes within the constitutional inhibition. See *Cusic v. Douglas*, 3 Kas. 123, 130 ; *Getto v. Friend*, 46 id. 24, 31 — citing *Edwards v. Kearzey*, 96 U. S. 595 ; *Van Hoffman v. City of Quincy*, 4 Wall. 535 ; and *Planters' Bank v. Sharp*, 6 How. 301.

In *Bixby v. Bailey*, 11 Kas. 359, it was held that the redemption law of June 4, 1861, was void as to mortgages executed prior to its passage ; citing *Bronson v. Kinzie*, 1 How. 311. The question has been decided in *Ogden v. Walters*, 12 Kas. 283, 291 ; and in addition to the case of *Bronson v. Kinzie*, the court cited *Thorne v. San Francisco*, 4 Cal. 127, 139–142 ; *Cargil v. Power*, 1 Mich. 369. The principle is also decided in *Greenwood v. Butler*, 52 Kas. 424, and *Pounds v. Rodgers*, 52 id. 558.

The causes which led to the insertion of this provision in the constitution of the United States show clearly how applicable it is to cases of this kind. In *Taylor v. Stearns*, 18 Gratt. 244, 272, we find a description of the circumstances under which this clause was inserted in the constitution.

In *Bronson v. Kinzie*, 1 How. 311, which is the leading case in the supreme court of the United States on this question, the court held :

"A statute which authorizes the redemption of property sold upon foreclosure of mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage."

This case was thoroughly considered by the court, and has been followed in a long line of authorities

both in the supreme court of the United States and the supreme courts of the different states. The following cases decided in the supreme court of the United States sustain the doctrine enunciated in *Bronson v. Kinzie: Green v. Biddle*, 8 Wheat. 1; *McCracken v. Hayward*, 2 How. 611; *Gantly's Lessees v. Ewing*, 3 id. 716; *Ex parte Christy*, 3 id. 328; *Clark v. Reyburn*, 8 Wall. 322; *Walker v. Whitehead*, 16 id. 317; *Howard v. Bugbee*, 24 How. 461; *Gunn v. Barry*, 15 Wall. 610; *Brine v. Insurance Co.*, 96 U. S. 627, 637; *Memphis v. United States*, 97 id. 293; *Kring v. Missouri*, 107 id. 233; *Butz v. City of Muscatine*, 8 Wall. 575; *Mobile v. Watson*, 116 U. S. 305; *Curran v. The State*, 15 How. 319; *Louisiana v. New Orleans*, 102 U. S. 206; *Seibert v. Lewis*, 122 id. 284; *Edwards v. Kearzey*, 96 id. 595.

There are numerous well-considered cases by the supreme courts of the different states upon this question. See *Coddington v. Bispham*, 36 N. J. Eq. 574; *January v. January*, 7 Mon. (Ky.) 543; *Pool v. Young*, 7 id. 588; *Robinson v. Hone*, 13 Wis. 31; *Maloney v. Fortune*, 14 Iowa, 318; *Rosier v. Hale*, 10 id. 470; *Scobey v. Gibson*, 17 Ind. 572; *Iglehart v. Wolfin*, 20 id. 32; *Webster v. Rose*, 6 Heisk. (Tenn.) 93; *Bailey v. Gentry*, 1 Miss. 164.

The above decisions are sustained by the following: *Blair v. Williams*, 4 Lit. (Ky.) 34; *Grayson v. Lilly*, 7 Mon. (Ky.) 6; *Bumgardner v. Howard Co.*, 4 Miss. 50; *Phinney v. Phinney*, 81 Me. 450 — the latter being a lengthy opinion, citing all the authorities.

The stipulations in the note and mortgage sued upon in this action cause another line of authorities to be applicable to this case. In 3 American & English Encyclopedia of Law, pp. 753, 754, the following principle is declared:

"But if the parties to a contract include in it, in

express terms, the remedy to be sought upon its breach, or the means to be used for securing its performance, subsequent legislation changing the remedial process they have agreed upon is as to them inoperative."

This is sustained by the following cases : *Billmeyer v. Evans*, 40 Pa. St. 324; *Breitenbach v. Bush*, 44 id. 313; *Lewis v. Lewis*, 47 id. 127; *Taylor v. Stearns*, 18 Gratt. 244; *Pool v. Young*, 7 Mon. (Ky.) 588; *Boice v. Boice*, 27 Minn. 371.

In our opinion, the supreme court of this state has already settled the question ; and even if it has not, it has been so frequently sustained by the supreme court of the United States, a tribunal to which this court is subject on questions of this kind, that this court cannot but follow its decision.

The provisions of chapter 109, Laws of 1893, so change the previous law with reference to the foreclosure of mortgages that there can be no question but that it materially affects the obligation of antecedent contracts, if it should be held that it was intended by the act that it should operate retrospectively ; and inasmuch as it would thus impair the obligation of prior contracts, it must, as to them, be held to be unconstitutional and void, under article 1, § 10 of the constitution of the United States.

The opinion of the court was delivered by

HORTON, C. J. : On November 1, 1885, one George A. Kirkland executed and delivered to Martha Barnitz his promissory note for $1,500, and to secure the payment of the note he executed and delivered at the same time his mortgage deed upon the following-described real estate, to wit : The northeast quarter of section 12, township 10 south, of range 12, in

Shawnee county. On the same date, Kirkland executed and delivered to Martha Barnitz 10 interest coupon notes for $60 each, payable at intervals of six months from the date of their execution, which notes were secured by the same mortgage as the principal note. All of the coupon notes were paid except the one falling due November 1, 1890. The principal note and the last-mentioned coupon note not being paid, on January 21, 1893, this action was brought to recover upon the notes and for the foreclosure of the mortgage. Previous to the institution of this action the property was conveyed to various parties, and John L. Beverly was the owner of the equity of redemption of the property at the time of the commencement of this action. The principal note sued upon in this action provides that—

"It is expressly declared and agreed that this note and the coupons hereto attached are made and executed under and are to be construed by the laws of the state of Kansas in every particular."

It was stipulated in the mortgage as follows :

" But whether the legal holder or holders of this mortgage elect to pay such taxes, assessments or insurance premiums, or not, it is distinctly understood that the legal holder or holders hereof may immediately cause this mortgage to be foreclosed, and shall be entitled to immediate possession of the premises and the rents, issues and profits thereof ; and the said party of the first part, for said consideration, does hereby expressly waive an appraisement of said real estate."

On July 7, 1893, judgment was rendered in this action for the sum of $2,077.94, and for the foreclosure of the mortgage. Appraisement was waived in the mortgage, and the judgment provided for six months' stay. On January 9, 1894, an order of sale was issued, and on February 12, 1894, the property

was sold to Martha Barnitz for $2,000, being less than the mortgage debt or judgment. On February 16, 1894, the order of sale having been duly returned by the sheriff, a motion was filed for the confirmation of the sale, and on February 26, 1894, the sale was confirmed by the court, and the sheriff ordered to execute a deed of the premises to the purchaser. At the time of the hearing of the motion for the confirmation of the sale, John L. Beverly appeared, and showed to the court that he was the owner of the equity in the premises, and in the possession thereof by tenant, and asked the court to order the sheriff to execute to the purchaser a certificate under § 1, chapter 109, Laws of 1893. This request was denied. The court ruled that chapter 109 of the Laws of 1893, relating to the sale and redemption of real estate, is unconstitutional, so far as it is intended to apply to mortgages previously executed and delivered, and that the defendant is not entitled to any right of redemption under the statute, for the reason that the mortgage foreclosed in this action was executed and delivered prior to the enactment of said law. From the order and judgment of the court directing the sheriff to execute a deed to the premises to Martha Barnitz, John L. Beverly appeals to this court. The only question for the court to determine is whether, under the admitted facts, the court below should have ordered the sheriff to execute to the purchaser of the premises a deed or a certificate of purchase.

The judgment will be affirmed under the authority of *Watkins v. Glenn*, ante, p. 417. In that case it was ruled that —

"Any subsequent law of the state which so affects the remedy as substantially to impair and lessen the value of the contract is forbidden by article 1, § 10

of the constitution of the United States, which ordains that 'no state shall   .   .   . pass any   .   .   . law impairing the obligation of contracts.'  Chapter 109, Laws of 1893, concerning the sale and redemption of real estate, has no retroactive operation, and therefore does not apply to mortgage contracts existing at and before its passage.   If the legislature intended the act to apply to such contracts, it violated article 1, § 10 of the constitution of the United States.''

Judgment affirmed.

JOHNSTON, J., concurring.

ALLEN, J., dissenting.