# JANUARY TERM, 1934.

CONSTITUTIONAL LAW—MORTGAGE MORATORIUM STATUTE—IMPAIR-
MENT OF CONTRACTS.
 Emergency mortgage moratorium statute in extending period of
 redemption is not in violation of constitutional prohibition
 as to impairment of obligation of contracts (Act No. 98,
 Pub. Acts 1933, Const. art. 2, § 9).

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted October 19, 1933. (Docket No. 146, Cal-
endar No. 37,480.) Decided January 30, 1934.

Bill by C. F. Russell against Battle Creek Lumber
Company and James B. Allen and wife to foreclose
a mortgage. From order denying defendants' peti-
tion to set aside order confirming sale and for con-
tinuance of the cause until March 1, 1935, defend-
ants appeal. Reversed, and remanded.

*Verner W. Main,* for plaintiff.

*Ronald M. Ryan,* for defendants.

*Beaumont, Smith & Harris (Lewis S. Robinson,* of
counsel), *amici curiæ.*

PER CURIAM. After decree of foreclosure of real
estate mortgage, sale to plaintiff, and confirmation
of sale by the court, defendants filed petition to set

aside the order confirming sale and for continuance of the cause until March 1, 1935, as provided in the emergency moratorium statute, Act No. 98, Pub. Acts 1933. In effect, the petition is for extension of the period of redemption. Motion to dismiss the petition was granted on the ground that the statute is invalid because it impairs the obligation of contracts, in violation of the United States Constitution, art. 1, § 10, and Michigan Constitution, art. 2, § 9.

Since the petition was heard, the Supreme Court of the United States has sustained, as not in violation of the Federal Constitution, a Minnesota moratorium act extending the period of redemption of real estate mortgages under conditions of payment of rent, rental value, income and profits to the discharge of charges against the property, upkeep and debt, similar to those in our statute. *Home Building & Loan Ass'n* v. *Blaisdell,* 290 U. S. 398 (54 Sup. Ct. 231, 88 A. L. R. 1481).

Because the constitutional provision is identical in both Constitutions, we are constrained to adopt the ruling as the construction of the clause in our State Constitution upon the situation at bar.

The order of dismissal will be set aside and the cause remanded for further proceedings upon the petition, but without costs.