No. 31,951

THE OAKLAND STATE BANK, now known as THE KAW VALLEY STATE BANK, *Appellee*, v. VELMA BOLIN, NEAL BOLIN, ROSIE BOLIN, MONTGOMERY BOLIN and DIVEDA BOLIN, *Appellants*.

(40 P. 2d 437)

Opinion filed January 26, 1935. 

*Edwin A. Austin* and *John M. Williams,* both of Topeka, for the appellants.

*Oscar Raines, Ralph F. Glenn, Ivah Raines Glenn* and *Wendell B. Garlinghouse,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal by defendants from an order denying an application for an extension of the redemption period in a mortgage foreclosure action under the provisions of the Kansas moratorium law, being chapter 3 of the Laws of 1934, Special Session, which law became effective March 3, 1934, and appellants include in their appeal the error assigned by them in the sustaining by the trial court of the motion of the plaintiff for an order requiring the sheriff to execute a deed to the plaintiff as purchaser of the property involved. This last-mentioned order was made at the same term of court and only a few days prior to the first-mentioned order on the motion for extension of redemption period.

The mortgage in question was given in 1925 by the then owners of land, who were the parents of the defendants in this action. Both parents died in 1930. The children inherited the land, and have ever since occupied it as a homestead. This action to foreclose the mortgage was commenced April 6, 1932, and judgment by default was rendered June 20, 1932. Sheriff's sale was had on August 15, 1932, at which sale the plaintiff was the purchaser for the full amount of the judgment, interest, taxes and costs. The sale was regularly confirmed and eighteen months redemption was allowed, which period expired February 15, 1934. The sheriff refused to execute a deed at the expiration of the redemption period because of the moratorium law of 1933, being chapter 232 of the Session Laws of that year, which included the provision for the governor's extension of an additional six months, which did not expire until March 4, 1934. The plaintiff filed its motion in the foreclosure case to require the sheriff to execute a deed to the plaintiff purchaser, setting up therein that the moratorium law of 1933, being chapter 232, was unconstitutional and void, and served notice of an early hearing of such motion. It was heard on February 24, 1934, and sustained. The sheriff, the same day, executed the deed, and it was duly recorded that day in the office of the register of deeds. Six days thereafter the special session of the legislature passed and approved

the new moratorium law of 1934, being chapter 3 of that special session, and it became effective March 3, 1934. On March 10, 1934, which was seven days after the new law became effective and six days after the expiration of the governor's extension, the defendants filed this motion for an extension under the new law. The motion was heard and denied by the trial court on March 20, 1934, which was during the same term the court had, on February 24, 1934, ordered the sheriff to execute a deed to the plaintiff, purchaser.

It is claimed that the defendants did not comply with the requirements of the new moratorium law by filing their motion at least ten days prior to the expiration of the period of redemption, and they did not, as the dates above cited plainly show. But there is a later provision in the same section of the new act giving an automatic extension of thirty days after the passage and approval of the act where the earlier moratorium act or the governor's extension thereunder would expire less than thirty days after the passage and approval of the new act. The passage and approval of the new act was on March 2, 1934, and the governor's extension under the earlier act expired March 4, 1934. So, considering these two provisions together, and aside from the question of the validity of either act, the filing of the defendants' motion on March 10, 1934, might very properly be regarded as being within the ten-day requirement with the automatic extension expiring thirty days after the 2d of March, 1934.

Under the well-recognized rule that appeals are to be favored we will review the ruling of the trial court requiring the sheriff to execute a deed, as well as its ruling on the motion of the defendants for an extended period of redemption. The correctness of both of which rulings depends largely upon the question of the constitutionality of the earlier act, and particularly that part of it authorizing the governor to make an additional extension of six months.

Appellee contended in the trial court, and contends here, that the following part of section 2 of chapter 232 of the Laws of 1933 is unconstitutional, as delegating legislative power to the governor:

"*Provided,* In case at or before the expiration of the six-months period, it shall in the judgment of the governor of the state of Kansas, be necessary for the preservation of the public peace, health and safety so to do, and in case in his judgment said emergency still exists, then the governor of the state of Kansas is hereby authorized to extend said moratorium for a period of not exceeding six months."

It certainly extended to the governor the power and authority to extend the moratorium six months, and that was all the legislature had done in the first section and the first sentence of the second section. If the part to be performed by the governor under the section above quoted was not legislative in character, then the extending of the first six-months moratorium under this act was not legislative in character.

Our constitution has vested the legislative power of this state in a house of representatives and senate (art. 2, § 1), and it has uniformly been held that such power cannot be delegated. An exception is recognized where a matter is distinctly made to depend upon a contingency, as the expression by a majority vote in favor of a certain project, but never upon the judgment of an individual or a group as to the need or expediency of so acting.

In 6 R. C. L. 164 it is said:

"Since under the doctrine of the separation of the powers of government, the law-making function is assigned exclusively to the legislature, the generally recognized rule is that any attempt to abdicate it in any particular field, although valid in form, is unconstitutional and void."

Also, in the same volume, at page 177:

"Although it is customary in the American system of government to intrust to the governor a qualified veto, he as chief executive has no real legislative functions. In accordance with the doctrine as to the separation of the powers of government, and the prohibition implied therein as to the delegation to another department of the powers strictly belonging to the legislative department, it is generally recognized that the legislature of a state cannot transfer or delegate any strictly legislative powers to the governor. . ."

The same principle is strongly maintained in Corpus Juris, under the heading of constitutional law.

"The functions of legislation may not be delegated by the legislative to the executive department or to any officer or officers thereof . . . nor may an executive officer be given authority, in his discretion, to give or to withhold a permit to do certain kinds of business, without any indication by the legislature of the test or standard by which such discretion is to be controlled . . ." (12 C. J. 844.)

"It is a doctrine well established and frequently reiterated by the courts that the functions of the legislature must be exercised by it alone and cannot be delegated . . . But any power not legislative in character which the legislature may exercise it may delegate . . ." (12 C. J. 839.)

In the case of *Comm'rs of Wyandotte Co. v. Abbott*, 52 Kan. 148, 34 Pac. 416, where the legislature vested absolute control in peti-

tioners for a road improvement and for a levy of tax therefor, it was held:

"The first contention is, that chapter 214 is unconstitutional because it attempts to delegate legislative power to the petitioners, and confer upon them the absolute and arbitrary power to levy taxes and special assessments on the property of others. The petitioners named in the statute are authorized, absolutely and arbitrarily, to determine whether the improvement is necessary and shall be made." (p. 158.)

In the case of *State v. Johnson*, 61 Kan. 803, 60 Pac. 1068, it was held:

"Chapter 28 of the Laws of 1898 (Gen. Stat. 1899, §§ 5779-5820), entitled 'An act creating a court of visitation, declaring its jurisdiction and powers, and providing for proceedings and procedure therein,' is unconstitutional and void, for the reason that, in the powers conferred upon that tribunal, legislative, judicial and administrative functions are commingled and interwoven in a manner violative of the constitutional requirement that the three great departments of government be kept separate, and the powers and duties of each exercised independently of the others." (Syl.)

In the recent case of *State, ex rel., v. School District*, 140 Kan. 171, 34 P. 2d 102, where chapter 263 of the Laws of 1933 was under consideration, which concerned the redistricting of certain school districts and the withdrawal of certain lands from districts in which they had been located, it was held the act was unconstitutional for more than one reason, and it was said in the concluding part of the opinion:

". . . it is not debatable that the legislature is powerless to clothe a private individual or a group of private individuals with power over corporate organization. An attempt to confer such power is said to be an attempt to delegate legislative power, which is futile. This is settled by a long line of decisions, beginning with *Comm'rs of Wyandotte Co. v. Abbott*, 52 Kan. 148, 34 Pac. 416, and extending to *Barrett v. City of Osawatomie*, 131 Kan. 50, 289 Pac. 970." (p. 174.)

Appellants insist that this motion of theirs does not involve the constitutionality or validity of the earlier act or the delegation of authority to the governor or his proclamation thereunder, but rests exclusively upon the act of 1934. Section 2 of the latter act provides:

"SEC. 2. Where any mortgage upon real property has been foreclosed and the property sold, or upon the sale of any real estate under any judgment or execution, where the period of redemption as provided by law and as extended under the provisions of chapter 232, Session Laws of 1933, and as further extended by the governor of Kansas by proclamation, dated August 22d, 1933, has not expired, the period of redemption may be extended. . . . ."

The period of redemption in this case expired by the judgment of the trial court on February 15, 1934. The act of the legislature of 1933, without the extension made by the governor, would not affect this case, and it is only by the extension made by the governor to March 4, 1934, that it can come under the later act of 1934, because without such extension the redemption period ended February 15, 1934, and had expired when the later act was passed.

We conclude that what the governor was delegated to do, and did attempt to do, was legislative in character, and that such delegation of legislative power was entirely unauthorized under our separately constituted functions of government, and was therefore unconstitutional, void and inoperative. This holding applies to both rulings of the trial court, first in sustaining the motion of the plaintiff to require the sheriff to execute a deed to the purchaser, and later in overruling defendants' motion for an extension of the moratorium period under the new law of 1934.

The judgment is affirmed.