427 P.2d 354

**S & M TRUST COMPANY, an Arizona corporation, Appellant,**

v.

**The VALLEY LUMBER COMPANY, an Arizona corporation, Appellee.**

**No. 1 CA–CIV 382.**

Court of Appeals of Arizona.

May 8, 1967.

Rehearing Denied June 9, 1967.

Review Denied Sept. 21, 1967.

**374**

E. Gene Wade, Mesa, for appellant.

Beer & Kalyna, by Olgerd W. Kalyna, Phoenix, for appellee.

STEVENS, Judge.

This is an appeal from a summary judgment in favor of the defendant. The parties are in agreement as to the facts. The primary question before this Court is whether the period to redeem real property sold by the Sheriff on an execution sale in a mortgage foreclosure action had expired. The appellant was the plaintiff in Cause No. 179073, the case now under consideration, and will be referred to herein as S & M. · The appellee was the defendant in this cause and will be referred to as Valley.

The mortgage foreclosure, the Sheriff's Sale and the redemption rights all arise out of Cause No. 164951 wherein Title Insurance and Trust Company was the plaintiff and S & M, Valley and a Sara H. Jones were defendants. Cause No. 164951 will be referred to as the foreclosure action.

On 18 February 1965, at the Sheriff's Sale in the· foreclosure action, the mortgagee of the property in question, Title Insurance and Trust Company, purchased the property and received a "Certificate of Sale Of Real Property". On 2 June 1965, the mortgagee assigned the certificate to Valley.

On 18 August 1965, in relation to the foreclosure action, S & M filed its "Notice Of Intention To Redeem" pursuant to Section 12–1284 A.R.S. The notice stated that S & M's liens were third in order of priority, that is, inferior to a lien of Valley and a mortgage of Sara H. Jones. S & M was the only party who filed a notice.

On 27 August 1965, six months and nine days after the Sheriff's Sale, the Sheriff of Maricopa County conveyed the property by "Sheriff's Deed" to Valley. Thereafter, S & M filed Cause Number 179073 in the Superior Court, asserting that the Sheriff conveyed the property prior to the expiration of the period during which S & M had a right to redeem. In its complaint, S & M sought damages in the sum of $25,000 or, in the alternative, to set aside the conveyance of the property to Valley

in Cause Number 164951 and to extend the time of redemption.

The following amended sections of the Arizona Revised Statutes provide:

"§ 12–1282. Time for redemption

"A. The judgment debtor or his successors in interest may redeem at any time within thirty days after the date of the sale if the court determined as part of the judgment under which the sale was made that the property was both abandoned and not used primarily for agricultural or grazing purposes.

"B. The judgment debtor or his successor in interest may redeem at any time within six months after the date of the sale except when the court has made the determinations as provided in subsection A.

"C. If the redemption as provided in subsection A or B is not made, the senior creditor having a lien, legal or equitable, upon the premises sold, or any part thereof, subsequent to the judgment under which the sale was made, may redeem within five days after expiration of the applicable period provided in subsection A or B, and each subsequent creditor having a lien in succession, according to priority of liens, within five days after the time allowed the prior lienholder, respectively, may redeem by paying the amount for which the property was sold and all liens prior to his own held by the person from whom redemption is made, together with the eight per cent added to the amount as provided in § 12–1285."

"§ 12–1284. Notice of redemption by subsequent lienholder

"To entitle a subsequent lienholder to redeem he shall, within the applicable period of redemption as provided in § 12–1282, file with the county recorder of the county in which the sale is made a notice in writing stating that he intends to redeem and specifying his lien and the amount thereof and its order of priority, and shall deliver a copy thereof to the sheriff of the county."

"§ 12–1286. Execution and delivery of deed of sheriff

"At the expiration of all the applicable periods of redemption as provided in § 12–1282, and not sooner, the sheriff shall execute and deliver a deed to the property sold to the purchaser at the sale, or in case redemption is made by a redemptioner, then to the last redemptioner redeeming the property."

Prior to its amendment, Section 12–1286 provided:

"§ 12–1286. Execution and delivery of deed by sheriff

*"At the expiration of the period of six months, if no notice of intention to redeem is given by any lienholder or creditor, and at the expiration of the time within which the lienholder or creditors giving notice are permitted to redeem after the date of sale, and not sooner, the sheriff shall execute and deliver a deed to the property sold to the purchaser at the sale, or in case redemption is made by a redemptioner, then to the last redemptioner redeeming the property."* (Emphasis supplied.)

Section 12–1282 was amended to include the thirty-day redemption period for property "abandoned and not used primarily for agricultural or grazing purposes". Sections 12–1284 and 12–1286 were amended to conform to the amended Section 12–1282.

 Section 12–1282 provides for an orderly procedure by which a subsequent lienholder may redeem the property to protect his rights. This right to redeem is not established until the lienholder files the "Notice Of Intention To Redeem" required by Section 12–1284. If this is not done, the lienholder loses his right to redeem and the rights of any subsequent lienholder, who has given notice, become senior to his. This is the meaning of the term "senior creditor" in § 12–1282. The "senior creditor" refers to the creditor whose lien is

highest in the order of those who have complied with Section 12–1284.

■ The purpose of the recording and delivery of a copy to the sheriff in Section 12–1284 is to give notice to all other lienholders, who intend to redeem under Section 12–1282, and to enable the sheriff to determine when he is free to deliver his deed pursuant to Section 12–1286.

■ The original Section 12–1286 clearly provided that the five-day periods of redemption for subsequent lienholders, who gave the Section 12–1284 notice, were to run consecutively. This section was amended to conform to the additional redemption period of thirty days for the judgment debtor or his successors in interest. It is true that the language in the original section in reference to the Notice Of Intention To Redeem is omitted in the amended section. We are of the opinion, however, that this was merely an elimination of verbiage and not an attempt to change the meaning or effect of the statute.

To determine the order of priority of the liens on the property, all the lienholder has to do is to make one visit to the county recorder's office or to the sheriff's office at the expiration of 30 days or six months, whichever period applies. This is a slight burden as compared to the one that would be imposed upon the person to receive the Sheriff's Deed if the transfer were to be restricted for a period of time determined by multiplying five days times the number of lienholders—this could theoretically be in the hundreds—who do not even file a Notice Of Intention To Redeem.

■ Section 12–1282 permits redemption "within five days after the time allowed the prior lienholder". Since S & M failed to redeem within the period prescribed by this section, six months and five days from the date of the Sheriff's Sale, it lost its right to do so. The Sheriff properly delivered the Sheriff's Deed to Valley.

■ Following the Sheriff's Sale, the periods of redemption, as set out in Section 12–1282, are controlling and the Court is without authority to extend such periods by judicial decree. Western Land and Cattle Company v. National Bank of Arizona, 28 Ariz. 270, 236 P. 725 (1925); rehearing denied, 29 Ariz. 51, 239 P. 299 (1925); Colvin v. Weigold, 31 Ariz. 370, 253 P. 633 (1927). These cases were decided before the Rules of Civil Procedure became effective in Arizona. We are not called upon to decide whether Rule 6 of the Rules of Civil Procedure, 16 A.R.S. relative to computation of periods of less than 5 days has any application to the successive redemption periods.

S & M alleged, and this is not controverted, that the judgment in the foreclosure action did not establish the priorities of the respective defendants in that action. It seems advisable that litigants seek to have the judgment establish such priorities to avoid any confusion or disagreement at a later date.

Valley urges a failure of S & M's complaint to state a cause of action due to an absence of allegations: as to a tender of funds; that the thirty day redemption period did not apply; and a compliance with Section 12–1287 A.R.S. We will not consider these matters, but will rest our decision on the language of Section 12–1282.

The judgment of the trial court is affirmed.

CAMERON, C. J., and LAWRENCE HOWARD, Judge of Superior Court, concur.

NOTE: Judge FRANCIS J. DONOFRIO, having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.