646 P.2d 287

Michael MATCHA and Janet B. Matcha, Plaintiffs-Appellees,

v.

Robert M. WACHS; Arizona Helicopter Applicators, Inc., an Arizona corporation, aka Sta-Lei Corporation, an Arizona corporation; Arizona Helicopters, Inc., an Arizona corporation; Southwest Airlines, Inc., an Arizona corporation, Defendants-Appellants.

No. 1 CA–CIV 4867.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 13, 1981.

Rehearing Denied Oct. 29, 1981.

Review Granted Nov. 17, 1981.

Robbins & Green by Jeffrey P. Boshes and Jeffrey M. Proper, Phoenix, for plaintiffs-appellees.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Jeffrey B. Smith and Larry L. Smith, Phoenix, for defendants-appellants.

OPINION

OGG, Judge.

This action arose when certain lienholders and the assignees of a judgment creditor both sought to redeem residential property in Buckeye, Arizona. The appellees, hereinafter referred to as Matcha, initiated the complaint against the appellants, hereinafter referred to as Wachs, and the Maricopa County Sheriff's Department to challenge the entitlement of Wachs to retain a Sheriff's Deed after Wachs had redeemed the property. The Maricopa County Superior Court determined that Wachs had not fully complied with the applicable provisions of the redemption statute, and granted a motion for summary judgment in favor of Matcha. We reverse.

The facts are as follows: a mortgage foreclosure action was initiated by Federal National Mortgage Association (FNMA) to foreclose certain real property owned by Bradford Schulz and his wife. On Febru-

ary 9, 1978, the real property was sold pursuant to a sheriff's sale in satisfaction of the judgment foreclosing the mortgage held by FNMA.

Immediately junior to the FNMA mortgage was a Deed of Trust and Assignment of Rents held by Wachs to secure an indebtedness of $628,648.00. Junior to both the FNMA mortgage and the Wachs' deed of trust was a recorded judgment lien held by the law firm of Beer, Kalyna & Simon for a judgment recorded in the amount of $2,581.35.

Pursuant to the judgment and A.R.S. § 12–1282, Schulz had a six month redemption period following the sheriff's sale. Schulz, however, failed to redeem during this period.

Prior to the expiration of the six-months' redemption period, on July 11, 1978, Wachs recorded and filed with the county recorder a Notice of Intent to Redeem pursuant to A.R.S. § 12–1284. In addition, a copy of the Notice of Intent to Redeem was delivered to the Maricopa County Sheriff's office. At this time, Wachs did not submit to the sheriff a certified copy of the deed of trust or an affidavit of the amount of the lien.

Beer, Kalyna & Simon, P. C., also recorded and filed a Notice of Intent to Redeem with the county recorder and the sheriff's office prior to the expiration of the six months redemption period. This notice recited that Wachs had the first right to redeem, with the amount of Wachs' lien believed to be in excess of $628,000.00. The law firm attached an original affidavit of the amount of its lien to its Notice of Intent to Redeem and served them together upon the sheriff's office on the same day. No other notices of intent to redeem were recorded.

On August 9, 1978, the initial six months period lapsed. Two days later, Wachs filed with the sheriff's office a document entitled "A Notice Pursuant to A.R.S. § 12–1287 for Redeeming Creditor." Attached to that notice was a copy of a certified copy of Wachs' deed of trust and a copy of an affidavit of the amount of their lien. On Monday, August 14, 1978, the sheriff's department received and accepted a check on behalf of Wachs in the sum of $19,513.98 for redemption of the property.

On August 16, 1978, on behalf of the law firm of Beer, Kalyna & Simon, Matcha tendered the sum of $19,508.97 to the Maricopa County sheriff's department in an effort to redeem the property. On August 24, 1978, Beer, Kalyna & Simon executed a written Assignment of Interest in a Judgment to Matcha, and Matcha once again on that date tendered the sum of $19,508.97 to the sheriff. The Maricopa County sheriff's department, however, refused to accept Matcha's tenders and required from Matcha the sum of $19,508.97 together with an amount necessary to satisfy the Wachs' lien.

Matcha initiated his complaint against Wachs, seeking a declaratory judgment and injunctive relief. The parties filed Cross-Motions for Summary Judgment and the court determined that although Wachs had fully complied with A.R.S. § 12–1284, Wachs had not complied with A.R.S. § 12–1287. Therefore, Beer, Kalyna and Simon had first priority after the foreclosing creditor. The court concluded that a deed should be issued to Matcha and that Wachs' deed was void.

Although several issues are raised on appeal, the resolution of the following issue is determinative: did the full compliance by Wachs of the notice requirements of A.R.S. § 12–1284 within six months, together with the delivery to the sheriff of A.R.S. § 12–1287 papers within six months and five days from the date of the sheriff's sale, serve to perfect Wachs' redemptive rights as a senior lienholder as against the claim of Matcha, a junior lienholder?

The applicable sections of Arizona's redemption statute provide:

§ 12–1282. Time for redemption

A. The judgment debtor or his successors in interest may redeem at any time within thirty days after the date of the sale if the court determined as part of the judgment under which the sale was made that the property was both abandoned

and not used primarily for agricultural or grazing purposes.

B. The judgment debtor or his successor in interest may redeem at any time within six months after the date of the sale except when the court has made the determinations as provided in subsection A. (Footnote 1)[1]

C. If the redemption ... is not made, the senior creditor having a lien, legal or equitable, upon the premises sold, or any part thereof, subsequent to the judgment under which the sale was made, may redeem within five days after expiration of the applicable period ... and each subsequent creditor having a lien in succession, according to priority of liens, within five days after the time allowed the prior lienholder, respectively, may redeem by paying the amount for which the property was sold and all liens prior to his own held by the person from whom redemption is made, ...

§ 12–1284. Notice of redemption by subsequent lienholder

To entitle a subsequent lienholder to redeem he shall, within the applicable period of redemption as provided in § 12–1282, file with the county recorder of the county in which the sale is made a notice in writing stating that he intends to redeem and specifying his lien and the amount thereof and its order of priority, and shall deliver a copy thereof to the sheriff of the county.

§ 12–1287. Delivery and service of papers by redeeming creditor

A. A redeeming creditor shall deliver to the officer or person from whom he seeks to redeem and serve with his notice to the sheriff:

1. A copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of the court where the judgment is docketed, or if he redeems a mortgage or other lien, a copy of the record thereof, certified by the recorder.

2. A copy of any assignment necessary to establish his claim verified by the affidavit of himself or a subscribing witness thereto.

3. An affidavit showing the amount actually due on the lien.

■ There is no dispute that Wachs within the applicable six months period filed a proper Notice of Intent to Redeem with the county recorder and delivered a copy thereof to the sheriff, all as required by A.R.S. § 12–1284. Matcha argues, however, that Wachs' failure to deliver to the sheriff the papers required by A.R.S. § 12–1287 along with their Notice of Intent to Redeem under A.R.S. § 12–1284 prior to the expiration of the applicable six month time period defeats their right to redeem the property. We disagree.

In *S & M Trust Co. v. Valley Lumber Co.*, 5 Ariz.App. 373, 427 P.2d 354 (1967), this court held that an A.R.S. § 12–1284 notice must be recorded and delivered to the sheriff within thirty days or six months after the sheriff's sale, depending upon the applicable period. The court noted:

Section 12–1282 provides for an orderly procedure by which a subsequent lienholder may redeem the property to protect his rights. This right to redeem is not established until the lienholder files the "Notice Of Intention To Redeem" required by Section 12–1284. If this is not done, the lienholder loses his right to redeem and the rights of any subsequent lienholder, who has given notice, become senior to his. This is the meaning of the term "senior creditor" in § 12–1282. The "senior creditor" refers to the creditor whose lien is highest in the order of those who have complied with Section 12–1284.

The purpose of the recording and delivery of a copy to the sheriff in Section 12–1284 is to give notice to all other lienholders, who intend to redeem under Section 12–1282, and to enable the sheriff

---

1. The property in question was not abandoned, and all parties agree the six month time limita-tion of § 12–1282 B. applies under the facts of this case.

to determine when he is free to deliver his deed pursuant to Section 12–1286. *Id.* at 375–376, 427 P.2d 354.

Once Wachs had complied with A.R.S. § 12–1284, the sheriff, the judgment debtor, subsequent lienholders, redeeming creditors and any other interested parties knew or were charged with knowledge of Wachs' lien, the basis for the Wachs' lien, and the amount of the Wachs' lien. Indeed, Matcha's Notice of Intent to Redeem stated the amount of Wachs' lien and that Wachs had the first right to redeem. Therefore, Matcha cannot argue that they were in any way prejudiced by Wachs' failure to comply with A.R.S. § 12–1287 within the six months time period.

A.R.S. § 12–1287 was adopted from California, West's Annotated Code of Civil Procedure § 705. The requirement of filing a Notice of Intent to Redeem contained in A.R.S. § 12–1284 is similar to a portion of § 703 of West's Annotated Code of Civil Procedure. In discussing the function of filing a notice of redemption, the California Supreme Court stated: "[O]ne must know . . . the amount of the lien upon which the prior redemption was made, since the amount of that lien must be paid to effect a redemption. The recordation of a notice of redemption gives notice of the amount of that lien." *Salsbery v. Ritter*, 48 Cal.2d 1, 306 P.2d 897, 904 (1957).

We conclude that the primary purpose of A.R.S. § 12–1287 is to afford the sheriff sufficient information to verify the interest of a party who seeks to redeem. The amount of the lien and the accuracy of the information set forth in Wachs' Notice of Intent to Redeem have never been questioned by Matcha. Wachs served the documents set forth in A.R.S. § 12–1287 prior to the time of making his timely tender for redemption. Therefore, the Maricopa County sheriff was able to ascertain Wachs' interest and Wachs' entitlement to redeem.

Under the circumstances of this case, we find that the purpose of the redemption statutes was served by Wachs' compliance with A.R.S. § 12–1284 within six months and compliance with A.R.S. § 12–1287 within six months and five days. At this time we are not called upon to consider what effect a complete failure to comply with A.R.S. § 12–1287 would have on a creditor's right to redeem.

Matcha also argues that because a copy of a certified copy of a Deed of Trust and a copy of an affidavit of the amount of Wachs' lien was served upon the sheriff, the redemption by Wachs should be invalidated. We disagree. To hold that such a minor deviation would invalidate appellant's substantial compliance with the statute would be to honor form over substance. Since equity favors the right to redeem, courts have consistently refused to apply such a strict construction to redemption statutes. *See Western Land and Cattle Co. v. National Bank of Arizona*, 29 Ariz. 51, 239 P.2d 299 (1925). *Accord Silbernagel v. Goin*, 31 Or.App. 545, 570 P.2d 1011 (1977); *Osborn Hardware Company v. Colorado Corporation*, 32 Colo.App. 254, 510 P.2d 461 (1973).

The documents given to the sheriff provided the sheriff with adequate evidence for verifying Wachs' right to redeem. It is our opinion that the mere fact that one of the parties other than the sheriff was served with the document that contained the original certification and affidavit should not thwart the good faith efforts of Wachs to redeem. This is particularly true when there has been no challenge to the authenticity or accuracy of the document itself.

For the reasons stated herein, we find that Wachs made a proper redemption of the subject real property. The decision of the trial court granting Matcha's motion for summary judgment is reversed. This case is remanded with directions to the trial court to grant Wachs' motion for partial summary judgment and for such further proceedings, consistent with this opinion, as are necessary to terminate this litigation.

CONTRERAS, P. J., and MELVYN T. SHELLEY, Judge, concur.

NOTE: The Honorable Melvyn T. Shelley was authorized to participate in this case by

the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 3.